**FARMERS UNION CENTRAL EXCHANGE, et al., Plaintiffs,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, et al., Defendants.**

Civ. A. No. 82–2065.

United States District Court, District of Columbia.

Sept. 14, 1982.

John M. Cleary, Donelan, Cleary, Wood & Maser, Washington, D.C., for plaintiffs.

Andrea Wolfman, Federal Energy Regulatory Com'n, Washington, D.C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CHARLES R. RICHEY, District Judge.

The Court has before it an application for a stay pending appeal by defendant from this Court's Order of August 23, 1982 as corrected on August 25, 1982 (hereinafter "Order of August 23") directing and ordering defendant to make and issue a decision within the following sixty (60) days which decision has been pending before defendant for four (4) years.

There is no dispute as to any material facts. Nevertheless, in order to make crystal clear the full basis for the Court's Order of August 23, and the order issued of even date herewith, denying defendant's motion for stay, the Court makes the following findings of fact and conclusions of law. It is noted however, that appeal of an order merely directing the Commission to issue a decision which it has delayed for such an unreasonable period of time will only further the damage of regulatory lag so evident in this case.

### FINDINGS OF FACT

1. Over ten years ago plaintiff brought an administrative action before the Interstate Commerce Commission ("ICC") (the then jurisdictional body) seeking a determination as to the lawfulness of tariff rates for shipments of petroleum over facilities of the Williams Pipe Line Co. A final administrative decision was issued in 1976. That decision was appealed to the United States Court of Appeals in the District of Columbia. *Farmers Union Central Exchange v. FERC*, 584 F.2d 408 (D.C.Cir.1978) rehearing denied July 25, 1978, *cert. den. sub nom., William Pipe Line Co. v. FERC*, 439 U.S. 995, 99 S.Ct. 596, 58 L.Ed.2d 669 (1978). While the case was pending before the Court of Appeals, jurisdiction over this matter was transferred from the ICC to the Federal Energy Regulatory Commission ("FERC"). Department of Energy Organization Act, 42 U.S.C. §§ 7155 & 7172 and Executive Order Number 12009, 42 Fed. Reg. 46267 (September 13, 1977). Upon transfer of jurisdiction, the FERC sought remand of this case from the Court of Appeals. In petitioning the Court for remand, the FERC expressed its intention to expeditiously dispose of this case. The Court of

Appeals reversed the ICC decision and relying upon assurances of expediency remanded the case to the FERC in 1978. *Farmers Union Central Exchange v. FERC, supra.*

2. In February 1979, eight months after remand, the FERC took its first steps to reopen the case. Soon thereafter a pre-hearing conference was held at which time the case .was divided into two "phases." Phase I was commenced, beginning with a written comment period and on June 30, 1980 oral argument was held. However, no decision was forthcoming. Consequently, on June 5, 1981, Farmers Union filed a "Motion to Compel Agency Action" in the District of Columbia Circuit Court of Appeals. *Farmers Union Central Exchange v. FERC,* No. 76–2138 (D.C.Cir.). The Motion was dismissed by the Court of Appeals upon further assurances by the FERC that a decision was forthcoming. *Id.* (July 28, 1981). At that time the FERC indicated that it expected to issue a decision in *Williams Phase I* by the end of fall 1981. But in October 1981—the time at which the Commission had stated that it expected a final decision on the case—the Commission scheduled a rehearing, alleged to be necessary because of changes in the Commission. That hearing occurred on November 19, 1981. Thus, although the FERC has had jurisdiction over this case for four years, no decision has yet been rendered even on Phase I of the *Williams* case.

3. At the time of the hearing before this Court, defendant stated that its decision making process was "well advanced" but it was unable to suggest a date of final resolution.

### CONCLUSIONS OF LAW

1. Under 49 U.S.C. § 1 defendants are required to adjudicate the justness and reasonableness of tariff rates. *See e.g.,* 49 U.S.C. § 1(5).

2. Furthermore, 49 U.S.C. § 15(7) dictates that when an investigation concerns changed rates—such as in the case at bar—the regulatory agency should give the matter preference to all other questions before it and decide the case as quickly as possible.

3. Defendant's failure to decide the issues presented in *Williams* is an abrogation of its statutory responsibility as set forth at 49 U.S.C. § 1, particularly § 15(7).

4. Defendant's failure to act within a reasonable time violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) (1970) which directs agencies to proceed to conclude matters presented to them within a reasonable time.

5. Because the Court concludes that decision in the *Williams* case has been unreasonably delayed, the Court has power to compel agency action under the APA. 5 U.S.C. § 706(1).

6. The formula for issuing a stay pending appeal requires showing: 1) possibility of success on the merits; 2) irreparable injury; 3) that the stay will not injure others; and 4) that the public interest favors a stay. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841, 842–43 (D.C.Cir.1977). This Court finds that the defendant has not made such a showing on any of the above elements.

First, defendant has failed to demonstrate that the Court's Order of August 23 was not a lawful and proper exercise of the Court's discretion. In fact, the Court's Order was fully within its equitable discretion and is, moreover, the remedy envisioned by the APA. 5 U.S.C. § 706(1). Additionally, the FERC alleges that the Court's selection of a fixed date for the issuance of a decision raises serious legal questions. The Commission suggests that the appropriate remedy was to establish a timetable for decision in consultation with the FERC. Initially, the Court notes that the cases defendant cites in support of this proposition merely state that establishing a timetable in conjunction with the agency is *an* appropriate remedy—not *the only* appropriate remedy. *MCI Telecommunications Corp. v. FCC,* 627 F.2d 322, 345 (D.C.Cir. 1980); *Nader v. FCC,* 520 F.2d 182, 207 (D.C.Cir.1975); *Natural Resources Defense*

*Counsel v. Train,* 510 F.2d 692 (D.C.Cir. 1975). Indeed, in *Train,* the Court stated: "The authority to set enforceable deadlines . . . is an appropriate procedure for exercise of the Court's equity powers to vindicate the public interest." 510 F.2d at 705. Thus, defendant has further failed to demonstrate that establishing a 60 day deadline was an abuse of the Court's discretion.

Second, defendant has failed to establish that irreparable harm will result from the Court's refusal to stay its order merely directing defendant to act as it has a duty to do.

Third, the Court is convinced that a stay would injure plaintiffs. The entire purpose of this action was to compel a decision unreasonably delayed. A stay of this Court's Order of August 23 pending appeal would only add to this unreasonable delay.

Finally, the Court is convinced that the public interest would not be served by granting a stay in this case. Regulatory lag of the magnitude evidenced in this case undermines the entire regulatory process. Furthermore, the public interest would be best served by FERC's acting in compliance with this Court's Order and proceeding to finally determine the issues presented in *Williams.*

### ORDER

Upon consideration of the entire record herein and in accordance with the Findings of Fact and Conclusions of Law issued of even date herewith, it is, by the Court, this 14th day of September, 1982, hereby,

ORDERED that defendant's motion for stay pending appeal is hereby denied.