**Zahra SALEH, et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA, et al., Defendants.**

Civ. A. No. 87–0298.

United States District Court,
District of Columbia.

April 30, 1987.

As Amended May 15, 1987.

Beth Goodman and Michael J. Eig, Washington, D.C., for plaintiffs.

Karen Krueger, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiffs filed this action pursuant to the Education for All Handicapped Children Act (EHA), as amended, 20 U.S.C. § 1400 *et seq.* The case is now before the Court on plaintiffs' motion for a preliminary injunction. After giving careful consideration to the motion, the opposition thereto, the record in this case, and the arguments of counsel, the Court concludes that the motion should be granted.

### I

Briefly, the underlying facts are as follows: The plaintiff Zahra is an 11 year old learning disabled child residing in the District of Columbia who is eligible for special education and related services pursuant to the EHA. Since 1985, she has been identified by the District of Columbia Public Schools (DCPS) as learning disabled and eligible for special education. Prior to that time she had been attending the Lafayette School, a DCPS facility. In July 1985, an Individualized Educational Program (IEP) was prepared which proposed a full-time special education program for Zahra. *See* 34 C.F.R. §§ 300.340–300.349. An actual placement for the 1985–1986 school year was not recommended by DCPS until on or after September 13, 1985, the date on which the first of three impartial due process hearings were held. *See* 34 C.F.R. §§ 300.506, 300.507. *See also* Plaintiffs' Motion Exhibit 1 (Determination filed October 18, 1985, hereinafter referred to as the 1985 Determination) at 2. At that time

DCPS proposed to place the child at the Prospect Learning Center (Prospect Center), a DCPS special education facility. The plaintiffs opposed the placement and contended that the child should be placed at the Lab School of Washington (Lab School), a private special education facility.

The hearing officer conducted a hearing on September 24, 1985, at which time she considered the appropriateness of the Prospect Center and the Lab School. In the interim, between the hearing of September 13 and the hearing of September 24, Zahra was placed at the Lab School by mutual agreement of the parties. 1985 Determination at 3. After considering the evidence offered by the parties, the hearing officer found that Zahra is a "seriously learning disabled student", that "no appropriate placement was available to Zahra for the academic year 1985–1986", that "Prospect Center does offer all of the program components that constitute an appropriate special education program/placement" and that the Lab School, "where Zahra is adjusting well, does offer all of the program components ... necessary to provide Zahra with an appropriate special education program and placement." *Id.* at 4–6 (findings numbered 1, 7, 12 and 13). The hearing officer then determined that the 1985–1986 IEP was appropriate, that the Prospect Center was not an appropriate placement "at [that] time", and that the Lab School was an appropriate placement for the school year 1985–1986. *Id.* at 4 (decision and rationale numbered 1, 2 and 3).

The hearing officer then explained that Prospect Center "would have been an appropriate special education placement if proposed *prior* to the start of the school year." 1985 Determination at 7 (emphasis the hearing officer's). DCPS did not appeal that determination and continued to fund Zahra at the Lab School for the 1985–1986 school year. *See* 20 U.S.C. 1415(e)(2) (aggrieved party may file an action in a state court of competent jurisdiction or a federal district court).

On June 16, 1986, DCPS proposed returning Zahra to the Lab School for the 1986–1987 school year. Defendant's Motion to Dismiss Complaint, or in the Alternative, for Summary Judgment, Exhibit M. In a letter dated August 8, 1986, the Director of the DCPS Division of Special Education and Pupil Personnel Services advised the plaintiffs that the June 16th letter stating that Zahra would continue at the Lab School was sent in error and that, in fact, DCPS proposed to change her placement to Prospect Center. Plaintiffs' Motion Exhibit 2. Enclosed with the letter was a Notice of Proposed Change in Educational Program dated July 31, 1986, in which DCPS proposed to change Zahra's placement from the Lab School to Prospect Center. Plaintiffs' Motion Exhibit 3.

The plaintiffs opposed any change in placement and requested an impartial due process hearing. A hearing was held and the hearing officer determined that Prospect Center represents an appropriate placement. Plaintiffs' Motion Exhibit 4 (Determination filed December 15, 1986, hereinafter referred to as the 1986 Determination). The hearing officer found that DCPS sent the letter of June 16, 1986 in error. Significantly, the hearing officer found also that the plaintiffs "unnecessarily delayed" the administrative hearing because, although they received the correction letter and Notice of Proposed Change in Educational Placement no later than August 12, 1986, they did not request a due process hearing until September 17, 1986. 1986 Determination at 6–8 (findings 7, 21).

This case represents an appeal from the hearing officer's determination that Prospect Center is an appropriate placement.

## II

Zahra remains a student at the Lab School. In February 1987, the plaintiffs filed a motion for a temporary restraining order in which they asked the Court to require the defendants to fund Zahra at the Lab School. The motion was denied. Order filed February 24, 1987, Memorandum filed February 25, 1987. Plaintiffs renew that request in the instant motion. Defendants had advised the parents that effective January 1, 1987, the school system would no longer pay tuition or related ex-

penses for Zahra's attendance at the Lab School. After the hearing on plaintiffs' motion for a temporary restraining order, the defendants agreed to pay Zahra's tuition for the month of February 1987. That agreement did not constitute an admission that the Lab School was Zahra's current educational placement and it did not represent a settlement of any of the issues involved in this case. *See* Order filed February 25, 1987.

Normally, in order to be entitled to injunctive relief, plaintiffs would be required to demonstrate that they are likely to prevail on the merits, that they will suffer irreparable harm if injunctive relief is denied, that the other parties will not suffer substantial injury if injunctive relief is granted, and that the granting of injunctive relief is consistent with, or at least not contrary to, the public interest. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 182 U.S.App. D.C. 220, 222, 559 F.2d 841, 843 (1977).

■ While the above represents the usual approach in considering injunctive relief, the EHA includes a "status quo" provision providing that "[d]uring the pendency of any proceedings conducted pursuant to [the EHA, and absent an agreement providing otherwise], the child shall remain in the then current educational placement for the child." 20 U.S.C. § 1415(e)(3). Thus, if the Lab School is Zahra's "current educational placement", DCPS is required to fund her at that school provided that the plaintiffs diligently pursue their rights in these proceedings. If the plaintiffs are correct in their argument that the Lab School is Zahra's current educational placement, they are entitled to injunctive relief without further proof, and it is not necessary for them to satisfy the usual requirements for injunctive relief.

The question as to whether the Lab School is Zahra's current educational placement turns on the facts of this case. Plaintiffs contend that it is her current educational placement because she was placed there and funded by mutual agreement of the parties, or in the alternative, because

she was placed there pursuant to the 1985 Determination.

The defendants argue, on the other hand, that the Lab School is not and never was her current educational placement because she was placed there on or about September 13, 1985, by mutual agreement and that such placement was an *interim* placement only and did not represent a determination that it was an appropriate placement. *See Zvi D. v. Ambach,* 520 F.Supp. 196 (E.D.N. Y.1981), affirmed, 694 F.2d 904 (2d Cir. 1982).

In *Zvi D.,* the District Court and the Circuit Court reached the same result but for different reasons. This Court disagrees with the reasoning of the District Court in that case, but agrees with the reasoning of the Circuit Court. The Circuit Court found that the parents were not eligible to be reimbursed for the private school placement for the year involved because there had been no placement in that school and there had been no determination that the school represented an appropriate placement. *See Jacobsen v. District of Columbia Board of Education,* 564 F.Supp. 166, 169–171 (D.D.C.1983). Actually, what occurred is that the child was placed in the private school for *one* year, the 1978–79 school year, as a "settlement" of the litigation. The settlement agreement in the case clearly limited the placement to one year and the school agency reserved the right to conduct a review of the child's classification "with a view towards placing him in an appropriate program in September, 1979." *Zvi D.,* 520 F.Supp. at 198. *See also, Jacobsen,* 564 F.Supp. at 169–171.

In *Jacobsen,* this Court recognized that parties in EHA litigation should be encouraged to settle their disputes if possible and if consistent with the EHA. But, in the event of such a settlement, any limitation in the placement should be spelled out in detail, otherwise, the Court will assume that the placement, whether decided upon by administrative determination or by agreement of the parties, constitutes the child's current educational placement. The requirement that any limitation be clearly

described in the settlement agreement or in the administrative determination presents no great burden on DCPS and has the additional advantage of clearly establishing the rights of all parties under the EHA. Indeed, after this action was filed, DCPS entered into an agreement to pay for the month of February 1987 *only*, while reserving its right to argue that the Lab School was not and is not Zahra's current educational placement. *See* Order filed February 25, 1987.

In 1985, there was no such limitation or reservation of rights. While there was a interim mutual agreement in September 1985, that agreement remained in effect only until the parties had an opportunity to contest the placement issue before the hearing officer. There is no question that at the administrative hearing DCPS argued that the Prospect Center was an appropriate placement for Zahra. DCPS lost that issue before the hearing officer and never appealed. While it is true that the hearing officer noted that she would have found Prospect Center an appropriate placement had it been proposed by DCPS in a timely fashion, the hearing officer did not limit her determination or rule that the Lab School was not Zahra's current educational placement. The hearing officer could have done so. Nor did DCPS seek any reconsideration or modification of the determination.

Under these circumstances, the Court concludes that the Lab School is Zahra's current educational placement and that therefore, pursuant to 20 U.S.C. § 1415(e)(3), the defendants are required to maintain her at that facility pending resolution of this dispute. The plaintiffs are entitled to a preliminary injunction without any additional showing. In view of Section 1415(e)(3), the plaintiffs are not required to demonstrate that they are likely to prevail on the merits or that they will suffer irreparable harm since in granting relief, the Court does no more than to enforce their rights under the statute.

One final issue was briefly raised in the 1986 Determination. There the hearing officer found that the plaintiffs, after receiving the Notice of Proposed Change in Educational Placement on or about August 12, 1986, failed to seek a due process hearing until September 17, 1986, more than 30 days thereafter. The hearing officer found that the request for a hearing had been "unnecessarily delayed" by the plaintiffs. (1986 Determination at 6 and 8, findings 6 and 21). The reasons for the delay have not been addressed by the Court and need not be for the purposes of the present motion since it seems clear that plaintiffs would have appealed and the status quo provision would have been applicable in any event. The Court merely notes that if a plaintiff deliberately frustrates an attempt by DCPS to find a new placement, that is a matter which may be taken into consideration by the hearing officer or the Court in granting or denying relief. *See Jacobsen,* 564 F.Supp. at 172.

### III

In view of the above, it follows that plaintiffs motion for a preliminary injunction must be granted.

It is hereby

ORDERED that plaintiff's motion for a preliminary injunction is granted, and it is further

ORDERED that the defendants shall place and fund Zahra at the Lab School of Washington during the pendency of these proceedings, and it is further

ORDERED that defendants shall reimburse the plaintiffs for any funds they have expended for tuition or related services in the 1986–1987 school year.