**Jonas COCHRAN, et al.**

v.

**DISTRICT OF COLUMBIA, et al.**

Civ. A. No. 86–1119.

United States District Court,
District of Columbia.

May 14, 1987.

As Amended May 22, 1987.

Beth Goodman and Matthew Bogin, Washington, D.C., for Jonas Cochran, et al.

Barbara J. Mann, Asst. Corp. Counsel, Washington, D.C., for Dist. of Columbia, et al.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiffs filed this action pursuant to the Education for All Handicapped Children Act (EHA), as amended, 20 U.S.C. § 1400, *et seq.* The case is now before the Court on the plaintiffs' motion for a preliminary injunction.

### I

Jonas is a ten year old, learning disabled child, eligible for special education and related services in the District of Columbia. The plaintiffs allege that on March 29, 1985 they filed a Confidential Student Services Form with the District of Columbia Public Schools (DCPS). DCPS evaluated Jonas and found him eligible for a special education placement and proposed placement at the Brent Elementary School (Brent) with twenty-five percent of his education to be provided with non-handicapped children. Cochran Declaration par. 3. The parents agreed to place him in that school, however, he only attended for one day in September 1985, and thereafter the parents withdrew him because they felt that it was clear that the placement was a "disaster". *Id.*, par. 4. They then initiated due process proceedings to contest the placement at Brent. 34 C.F.R. §§ 300.506–300.507. The hearing officer determined that the DCPS Notice of Proposed Change in Educational Placement was deficient and did not conform to the law and concluded that DCPS could not meet the burden of proof that the proposed placement is appropriate.[1] Plaintiffs' Motion Exhibit 2 (Determination filed November 19, 1985, hereinafter referred to as the 1985 Determination) at 3. The hearing officer provided that DCPS had until the close of business on November 25, 1985 to prepare and present "a legal Notice of Proposed Change in Educational Placement ... with appropriate accompanying documents."

On November 27, 1985, DCPS issued a new *Notice of Proposed Change in Educational Placement* in which it was proposed that Jonas be placed at the Prospect Learning Center (Prospect), a DCPS full-time special education facility. Cochran Declaration par. 7. After the parents visited Prospect, they concluded that it was not appropriate to meet the needs of Jonas and they requested a second due process hearing to contest the proposed placement. *Id.*, par. 8. In the meantime, because they were not satisfied that Prospect was an appropriate placement and because they felt that Jonas needed an appropriate special education placement, the parents enrolled him in the Lab School of Washington (Lab School), a private, special education day school for the learning disabled. A hearing was held on March 12, 1986. The hearing officer determined that both Prospect and the Lab School are appropriate programs.[2] Plaintiffs' Motion Exhibit 3 (Determination filed March 24, 1986, hereinafter referred to as the 1986 Determination) at 5. The hearing officer determined further that notwithstanding that Prospect can provide Jonas with an appropriate special education program, that "since [Prospect] was not afforded to [Jonas] until 11/27/85, DCPS shall be responsible for his placement at the Lab School of Washington

---

**1.** The notice must include a full explanation of the procedural safeguards available to the parents, a description of the action proposed or refused by the agency, an explanation of why the agency proposes or refuses to take action, a description of the options the agency considered and the reasons why those options were rejected, a description of each evaluation procedure, test, record, or report the agency used as a basis for the proposal or refusal, and a description of any other factors which are relevant to the agency's proposal or refusal. 34 C.F.R. § 300.-505. This information is designed to afford the parents an opportunity to determine whether they will accept the proposal or seek a change in the proposal, and in lieu thereof, to initiate due process proceedings.

**2.** Where both the DCPS proposed placement and the parents' proposed placement are found to be appropriate, DCPS has the option of placing the child in either placement.

from the beginning of the 1985–86 school year until April 7, 1986, at which time [DCPS] are to have his placement at [Prospect] available to him." *Id.* The plaintiffs filed this action as an appeal from the hearing officer's determination. 20 U.S.C. § 1415(e)(2). Jonas remained at the Lab School past the April 7, 1986 date, and is still enrolled there.

On May 29, 1986, the Lab School held a meeting to develop its Individualized Educational Program (IEP) for Jonas for the 1986–87 school year.[3] Cochran Declaration par. 14. The meeting was attended by Ms. Carrie M. Johnson, DCPS IEP Developer. *Id., see also* Plaintiffs' Exhibit 1 (as distinguished from Plaintiffs' Motion Exhibit 1). DCPS did not propose *any* special education placement for Jonas for the 1986–87 school year and DCPS continues to transport him to his program at the Lab School.[4] DCPS paid the Lab School tuition only up to April 7, 1986, but the parents state that it was only recently that they were advised that DCPS ceased paying tuition on that date. The plaintiffs state that they became aware that DCPS had not paid tuition after April 7, 1986 when they received a letter from the attorneys representing the Lab School advising them that the plaintiffs would be sued "immediately" unless they paid the remaining tuition due for 1985–86 amounting to $1,744.66. *Id.,* par. 18, Declaration Exhibit 1. They allege that they are unable to pay the tuition and will be sued unless DCPS is ordered to maintain Jonas at the Lab School retroactive to April 7, 1986. *Id.,* par. 19. They allege further that if the money is not paid that Jonas cannot remain at the Lab School. *Id.,* par. 20.

In their motion, the plaintiffs seek to have the Court require the defendants to place and maintain Jonas at the Lab School, retroactive from April 7, 1986, during the pendency of these proceedings. They contend that the Lab School is the "current educational placement" for Jonas and that as such DCPS is required to maintain the status quo.

The defendants disagree and argue that the "current educational placement" for Jonas is Prospect. Defendants reason that while the hearing officer required DCPS to pay for the tuition and related services at the Lab School to April 7, 1986, he provided that after that date, the child was to be placed at Prospect.

## II

The motion presents three questions. First, whether the plaintiffs are entitled to injunctive relief under the usual standards applied to such requests. Second, whether the Lab School is the "current educational placement" for Jonas. *See* 20 U.S.C. § 1415(e)(3). If it is then DCPS will be required to maintain the status quo during the pendency of these proceedings. Third, whether by failing to propose a placement for the 1986–87 school year, DCPS is now required to fund the child at the Lab School for that year.

■ Normally when a plaintiff seeks injunctive relief, he must demonstrate that he is likely to prevail on the merits, that he will suffer irreparable harm if injunctive relief is denied, that other parties will not suffer substantial injury if injunctive relief is granted, and that the granting of such relief is not inconsistent with the public interest. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 182 U.S.App.D.C. 200, 222, 559 F.2d 841, 843 (1977). Here the irreparable harm alleged is that Jonas would be required to leave the Lab School. Although the plaintiffs note that the school has threatened to sue them for the tuition due for the past school year, 1985–86, that fact standing alone does not entitle them to a preliminary injunction. Moreover, although the plaintiffs allege that if the "money is not paid" and "Jonas cannot remain in his program at the Lab School", *see* Cochran Declaration par. 20, they will suffer irreparable harm, there is no evidence that the Lab School is threatening to expel Jonas at this time. Indeed, at the hearing on the motion

---

**3.** *See* 34 C.F.R. §§ 300.340–300.349.

**4.** Transportation is a "related service" under the EHA. *See* 20 U.S.C. § 1401(17).

held on May 12, 1987, plaintiffs' counsel stated candidly that the school has yet to issue such a threat. Under these circumstances, the Court cannot find that the plaintiffs will suffer irreparable harm if the preliminary injunction is denied.

Turning to the merits, the Court finds that it is unable to gauge the relative merits of the two schools. It observes that an impartial hearing officer has determined that Prospect represents an appropriate placement; but, of course, it is that decision that the plaintiffs are appealing as contrary to the weight of the evidence. The Court notes also that the same hearing officer found that the Lab School represents an appropriate placement but that determination is not dispositive because where both placements are appropriate DCPS may place the child in either one and the parents have no right to insist upon their preferred placement.

In sum, the Court finds that the plaintiffs have not demonstrated that they are likely to prevail on the merits as that issue relates to the ability of the respective schools to afford an appropriate placement and that they have not demonstrated that they will suffer irreparable injury if injunctive relief is denied. Thus, the Court concludes that so much of plaintiffs' motion as is founded upon the standard grounds for injunctive relief must be denied.

### III

The second issue is whether the defendants are required to maintain the placement at the Lab School as the "current educational placement" for Jonas pursuant to 20 U.S.C. § 1415(e)(3). The plaintiffs rely on a recent case decided by this Court in which the Court concluded that, where the hearing officer had determined that due to the lateness of the DCPS proposal for placement, that although Prospect would have been appropriate, the child should be placed at the Lab School. The Court held that the Lab School became the current educational placement. *See Saleh v. District of Columbia*, 660 F.Supp. 212 (D.D.C.1987). But, each case must be judged on its own facts, and the facts in that case differ from those here. At first glance the cases seem similar. Both cases involve the same two schools, the Lab School and Prospect, and in both cases the hearing officers were satisfied that both schools represented appropriate placements. Additionally, in both cases the hearing officers required DCPS to pay for, at least, a portion of placement at the Lab School because DCPS had submitted its proposed placement after the beginning of the school year. But, the cases differ in one important aspect. In *Saleh* the hearing officer did not place a time limit on the placement at the Lab School, while in this case, the hearing officer provided that the placement at the Lab School would terminate on April 7, 1986. Moreover, in *Saleh* DCPS never sought reconsideration or modification of the hearing officer's determination and did not appeal.

This Court has recognized that the parties in EHA cases may enter into settlements, for example, an agreement that DCPS will pay tuition for all or a part of a given school year without obligating itself to continue to pay tuition and related expenses until another appropriate placement is found. *See Saleh*, at 214–15; *Jacobsen v. District of Columbia Board of Education*, 564 F.Supp. 166, 169–171 (D.D.C. 1983). Likewise, the Court has recognized that a hearing officer may provide for a limited placement without ruling that placement constitutes the child's current educational placement. *See Saleh*, at 214–15. Such determinations should be the exception rather than the rule, but the ability to so rule in a given case allows the hearing officer some flexibility to address the particular facts of each case in a realistic manner. Where the hearing officer does so, he should set forth his reasons for departing from the standard determination so that the parties and the reviewing court may consider those factors in any future proceedings in the case. Unfortunately, the hearing officer in this case did not state why he terminated the placement at the Lab School on April 7, 1986 and the Court

and the parties are left to speculate as to the reason.[5]

Another factor which must be considered in determining whether the Lab School is the child's current educational placement is her prior placement. Normally, during the pendency of EHA proceedings the child is required to remain in his "present education placement". 34 C.F.R. § 300.513(a). But, as is true here, where the complaint involves an application for initial admission in the school, the child, with the consent of the parents must be placed in the public school program. 34 C.F.R. § 300.513(b).

After considering the evidence offered on this issue, the Court concludes that there is substantial evidence that the Lab School represents the current educational placement for Jonas. This is based on several factors. First, Jonas has never had a true placement in the public school system. He first entered Brent but that placement was aborted within one day. At a due process hearing challenging that placement, the hearing officer found it unnecessary to address the merits because he concluded that the DCPS Notice of Proposed Change in Educational Placement was deficient and did not conform to the law and that "[t]herefore, DCPS cannot meet the burden of proof that the proposed placement is appropriate." 1985 Determination at 3.

Second, the hearing officer found that "DCPS did not have an adequate special education program for Jonas until 11/27/85" and therefore concluded that DCPS should be financially responsible for his placement at the Lab School from the beginning of the 1985–86 school year until April 7, 1986. While the Court expresses some concern with the cut-off date for financial responsibility by DCPS, there is no

escaping the fact that Jonas did not have a proposed educational placement until November 27, 1985, late into the school year. There is no evidence that the delay was caused by any action or lack of action by the plaintiffs. By that time, the parents had found it necessary to place Jonas at the Lab School. A transfer of the child in December 1985 may have been too disruptive, and in any event, an administrative determination was not made until March 1986.

Based upon the above facts, the Court concludes that the parents were justified, as the result of the delay by DCPS in making a placement, in unilaterally placing the child at the Lab School. Simply stated, there was no other placement available at that time. And, likewise, the parents were justified in not attempting to change the placement once DCPS proposed Prospect, since they had a right to contest that placement in an impartial due process hearing. Since the child had no other placement in the school system which could be considered to be his current educational placement, and since the delay in placement was occasioned by the DCPS delay solely, the Court concludes that at the end of the 1985–86 school year, the child's current educational placement was the Lab School.

Based upon this determination, the Court need not address the third issue, namely, whether by failing to propose a placement for the 1986–87 school year, DCPS is now required to fund the child at the Lab School for that year. Indeed, the only way in which the Court could grant injunctive relief on this grounds would be for the Court to apply the standard tests for injunctive relief, and the Court has already determined that in applying that test, the plaintiffs are not entitled to an injunction. *See*

---

5. When the Court posed the question to counsel during the hearing on the motion, they were unable to do more than speculate. Plaintiffs' counsel speculated that the hearing officer arbitrarily set April 7, 1986 as the date to terminate the Lab School placement since it fell exactly two weeks from the date he filed his determination. If counsel is correct, another issue is raised which may be addressed at some point during these proceedings; that being whether the decision of the hearing officer arbitrarily

setting a termination date of April 7, 1986 was an abuse of his discretion. Normally, any termination date should take into consideration whether a change in placement on a given date is consistent with the best interest of the child and whether it results in an unwarranted break in the child's educational program. In considering such issues the hearing officer must take into consideration the respective programs of the transferor and transferee schools.

Part II, *supra*. But the fact that DCPS did not propose an educational placement for the 1986–87 school year only serves to support the conclusion that the Lab School represents the current educational placement for Jonas.

Finally, the Court notes that in giving injunctive relief at this time, it need not apply the standard test set forth in Part II, *supra*. This is because the EHA provides for an automatic preliminary injunction to maintain the child's placement at his or her current educational placement during the pendency of the proceeding. *See* 20 U.S.C. § 1415(e)(3).

## IV

■ The last issue the Court must address is the extent of the injunctive relief that should be granted. Plaintiffs seek to have the Court order that DCPS is required to place and fund Jonas at the Lab School as of April 7, 1986.

The Court concludes that, effective on May 1, 1987[6], DCPS should fund the child at the Lab School during the pendency of these proceedings. Thus, DCPS will be required to pay tuition and all related expenses. With respect to funding for the period commencing on April 7, 1986 and ending on May 1, 1987, the Court will withhold a determination since it may be that the court hearing this case on the merits may conclude, based upon all the evidence, that the Lab School is not the current educational placement for Jonas. If the plaintiffs prevail, they will be entitled to reimbursement. *Burlington School Committee v. Department of Education*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

In view of the above, it is hereby

ORDERED that plaintiffs' motion for a preliminary injunction is granted in part and denied in part, and it is further

ORDERED that the defendants shall fund Jonas at the Lab School effective May 1, 1987, funding to include tuition and related expenses, and it is further

---

6. The Court understands that the Lab School bills DCPS on the first of the month for the previous month, therefore, the next bill will be

ORDERED that the plaintiffs shall not be required to post any security.

submitted on or before June 1, 1987 for the month of May 1987.