846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arthur O. KLEIN, Plaintiff-Appellant,
v.
Donald W. PETERSON, Deputy Commissioner of Patents and
Trademarks, Donald Quigg, Commissioner of Patents and
Trademarks, and U.S. Department of Commerce, Patent and
Trademark Office, Defendants-Appellees.
 No. 88-1071.
 United States Court of Appeals, Federal Circuit.
 March 2, 1988.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The order of the district court, Civil Action No. 87-2661-HHG, denying appellant's motion for a preliminary injunction is affirmed, and the stay pending appeal and order to seal the record issued by this court on November 18, 1987, is vacated.
 
 OPINION
 
 2
 Appellant has not shown that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence in denying the preliminary injunction. See Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.1983). The court applied the District of Columbia Circuit precedents applicable to a decision whether or not to grant a preliminary injunction. See Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C.Cir.1977); Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n, 259 F.2d 921, 925 (D.C.Cir.1958). It weighed the factors pertinent to deciding appellant's entitlement to an injunction and concluded they counseled against one. We see no deficiency.
 
 
 3
 Appellant's claim that the district court did not do justice to his argument that he is likely to prevail on the merits is unpersuasive. The court looked at both the "ultimate merits" and the "intermediate merits" and decided appellant's case was insufficient, which appears supportable to us. Indeed, the so-called ultimate merits, whether appellant is likely to prevail in his challenge of the Patent and Trademark Office's (PTO's) disciplinary action, was not really before the court. Only the "intermediate" question of whether the PTO could publish the results of this action now was appropriate for consideration in the injunction hearing. As to that, the court's ruling was surely adequate. If we had to go further with the ultimate merits question, however, we would not hesitate to sustain the district court because any deficiencies thought to exist in its handling of that issue are attributable to appellant's failure to timely present the court with evidence about his likelihood of success.
 
 
 4
 We appreciate that, though couched in terms of a denial of a preliminary injunction, the district court's order is effectively a final decision that the PTO may publish the disciplinary decision now. In light of our disposition, we vacate this court's order of November 18, 1987, granting appellant's motions to seal the record and to stay publication of the PTO's decision in Nakamura v. Klein, PTO No. 84-1, pending appeal.