**HOLIDAY TOURS, INC., Petitioner,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent,**

Alexandria, Barcroft, and Washington Transit Company and the Gray Line, Inc., Washington, Virginia and Maryland Coach Company, Inc., of Arlington, Virginia and D. C. Transit System, Inc., of Washington, D. C., Intervenors.

**No. 20140.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 22, 1966.

Decided Jan. 9, 1967.

---

I. Apparently because of this court's opinion in Kosty v. Lewis, 115 U.S.App.D.C. 343, 319 F. 2d 744 (1963).

Mr. Leonard A. Jaskiewicz, Washington, D. C., with whom Mr. J. William Cain, Washington, D. C., was on the brief, for petitioner.

Mr. Russell W. Cunningham, Arlington, Va., for respondent.

Mr. S. Harrison Kahn, Washington, D. C., who was on the brief for intervenors Alexandria, Barcroft and Washington Transit Co. and Gray Line, Inc., argued for all intervenors.

Messrs. Harold Smith and Manuel J. Davis, Washington, D. C., were on the brief for intervenors D. C. Transit System, Inc., and Washington, Virginia & Maryland Coach Co., Inc. Mr. Samuel M. Langerman, Washington, D. C., also entered an appearance for intervenors D. C. Transit System, Inc., and Washington, Virginia & Maryland Coach Co., Inc.

Before BURGER, WRIGHT and TAMM, Circuit Judges.

PER CURIAM:

Subsequent to our remand of this case to the Washington Metropolitan Area Transit Commission,[1] the Commission, respondent here, re-opened the record and set the case for further hearing. In the post-remand proceedings, the Commission, treating the petitioner's "grandfather application"[2] as a de novo request, heard additional testimony and received additional exhibits to supplement the record originally before the Commission. Petitioner and protestant-intervenors were afforded an opportunity to "present anything at all in reference to these particular findings." Acting on the entire record, the Commission concluded that petitioner was not bona fide engaged in the transportation of passengers in motor vehicles with a seating capacity in excess of eight passengers, exclusive of the driver, on or before March 22, 1961. Upon this finding, the Commission denied petitioner's application for a certificate of public convenience and necessity. We affirm.

The Commission concluded that the record established petitioner's business to be that of operating a sightseeing business by limousine and, as such, not transportation by bus within the terms of the grandfather clause of the Compact. The Commission reviewed the evidence before it, evaluated it and set forth its reasoning in two opinions with accompanying orders, No. 554, dated December 29, 1965, and No. 573, dated February 25, 1966. We are satisfied that the Commission's finding adequately took into account those factors outlined in our prior decision for its consideration and that its decision is otherwise supported by substantial evidence on the record considered as a whole.

Finally, we note that the Commission concedes that appellant may continue to operate in the future a sightseeing business by limousine, as well as with buses and drivers supplied by licensed bus operators. The decision of the Commission is, therefore, affirmed.

1. Holiday Tours, Inc. v. Washington Metropolitan Area Transit Comm'n, 122 U.S.App.D.C. 196, 352 F.2d 672 (1965).

2. Section 4(a), Article XII, Washington Metropolitan Area Transit Regulation Compact, Pub.L. 86–794, 74 Stat. 1031, 1037 (1960) reads:
No person shall engage in transportation subject to this Act unless there is in force a certificate of public convenience and necessity issued by the Commission authorizing such person to engage in such transportation; provided, however, that if any person was bona fide engaged in transportation subject to this Act on the effective date of this Act, the Commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation, and without further proceedings, if application for such certificate is made to the Commission within 90 days after the effective date of this Act. Pending the determination of any such application, the continuance of such operation shall be lawful.