WASHINGTON METROPOLITAN AREA
TRANSIT COMMISSION, Appellant,

v.

HOLIDAY TOURS, INC., et al.

No. 77–1379.

United States Court of Appeals,
District of Columbia Circuit.

July 5, 1977.

Gregory P. Barth, Gen. Counsel, and Gregory M. Murad, Asst. Gen. Counsel, were on the motion for appellant.

John D. Grad and Philip J. Hirschkop, Alexandria, Va., were on the opposition to the motion for appellees.

Before WRIGHT, LEVENTHAL and ROBB, Circuit Judges.

LEVENTHAL, Circuit Judge:

The District Court granted the Washington Metropolitan Area Transit Commission a permanent injunction restraining Holiday Tours from operating a motor coach sightseeing service without a certificate of public convenience and necessity. Then, on motion of Holiday Tours, the District Court stayed its injunction pending appeal. We deny the Commission's motion to vacate the District Court's stay, and in doing so find it necessary to refine the discussion in *Virginia Petroleum Jobbers Association v. FPC,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958).

On the merits, this appeal turns on the proper interpretation of *Holiday Tours, Inc. v. Washington Metropolitan Area Transit Commission,* 125 U.S.App.D.C. 336, 372 F.2d 401 (1967), in which we affirmed the Commission's ruling that Holiday Tours was not entitled to a certificate of public convenience and necessity under the "grandfather clause" of the pertinent statute. In our concluding paragraph of that opinion, we stated (at 402):

> Finally, we note that the Commission concedes that appellant may continue to operate in the future a sightseeing business by limousine, as well as with buses and drivers supplied by licensed bus operators.

This language is central to the current dispute because Holiday Tours, which was primarily a limousine tour service when our earlier opinion was rendered, has recently transformed itself into primarily a bus tour service. Holiday Tours contends that this conversion is authorized by the quoted language so long as the buses are rented from licensed operators rather than owned by Holiday Tours itself. The Commission, however, argues that the language is merely the court's observation that no certificate is required if Holiday Tours occasionally rents buses to accommodate additional customers as an *adjunct* to its primary business of providing limousine tours. The Commission emphatically rejects an interpretation which sanctions Holiday Tours' conversion from a limousine to a bus tour service.

The District Court adopted the Commission's interpretation but stayed the permanent injunction pending appeal. Although the District Court did not make detailed findings, it recited that all four of the *Virginia Petroleum Jobbers* factors favored a stay.[1]

These factors are by now familiar to both the bench and bar in this Circuit.

---

1. Although *Virginia Petroleum Jobbers* involved a motion to stay an administrative order, the factors enumerated therein also apply to motions for preliminary injunctions and motions for stays of district court orders pending appeal. *See, e. g., A Quaker Action Group v. Hickel,* 137 U.S.App.D.C. 176, 421 F.2d 1111 (1969).

(1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal? Without such a substantial indication of probable success, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review. (2) Has the petitioner shown that without such relief, it will be irreparably injured? . . . (3) Would the issuance of a stay substantially harm other parties interested in the proceedings? . . . (4) Where lies the public interest? . . .

*Virginia Petroleum Jobbers Ass'n, supra,* at 925.

 Despite the Commission's protestations to the contrary, the final three factors enumerated above clearly favored the District Court's grant of a stay. The harm to Holiday Tours in the absence of a stay would be its destruction in its current form as a provider of bus tours.[2] In contrast to this irreparable harm, there is little indication that a stay pending appeal will result in substantial harm to either appellee Commission or to other tour bus operators.[3] As to harm to the public interest, this is not a case where the Commission has ruled that the service performed by appellant is contrary to the public interest. Indeed for all that the record discloses, appellant might obtain a certificate, perhaps not precisely for the operation it prefers, if it made application. The interest of the Commission and of the riding public is largely the same as that of the general public in having legal questions decided on the merits, as correctly and expeditiously as possible. But the question is whether there is a further interest, that precludes maintaining the status quo while the merits are being decided on appeal.

In this context, Holiday Tours was undoubtedly not entitled to a stay on a showing "that it is likely to prevail on the merits of its appeal."[4] Implicit in the Commission's argument against the stay is the view, commonly shared by litigants interpreting *Virginia Petroleum Jobbers,* that a stay is never appropriate unless the movant can show that success on appeal is "probable." Adherents of this view maintain that a lesser showing, of, say, a chance of prevailing that is only fifty percent or less is insufficient even though the "balance of equities," as determined by a consideration of the other three factors, clearly favors a stay.

 Although this approach adopts a linguistically permissible interpretation of *Virginia Petroleum Jobbers,* it is mandated only if one assumes that the Court was using language in an exceedingly precise, technical sense. In light of the unnecessarily harsh results sometimes engendered by this approach, we decline to entertain this assumption. Instead, we hold that under *Virginia Petroleum Jobbers* a court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay if the movant has made a substantial case on the merits. The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits. The necessary "level" or "degree" of possibility of success will vary according to the court's assessment of the other factors.

---

2. The destruction of a business is, of course, an essentially economic injury. It is not, however, one of the "mere" economic injuries which under *Virginia Petroleum Jobbers* are insufficient to warrant a stay. The economic injuries disparaged in that case were the necessary expenditure of funds pending appeal and the temporary monetary losses for which "adequate compensatory or other corrective relief will be available at a later date." 259 F.2d at 925.

3. The Commission has alleged that the stay "seriously undermined . . . the stability of the motor coach tour service industry throughout the Metropolitan District." It is not clear whether this is intended as an outright allegation of harm to other tour bus operators. If so, this allegation is entirely unsubstantiated. The mere existence of competition is not irreparable harm, in the absence of substantiation of severe economic impact.

4. *Virginia Petroleum Jobbers, supra* at 925.

This approach is reflected in the *Virginia Petroleum Jobbers* opinion at 925, where the court wrote:

> But injury held insufficient to justify a stay in one case may well be sufficient to justify it in another, where the applicant has demonstrated a higher probability of success on the merits.

The view that a 50% plus probability is required by that opinion, although frequently encountered, is thus contrary to both the language and spirit of that opinion.

Our holding is generally in accord with the movement in other courts away from a standard incorporating a wooden "probability" requirement and toward an analysis under which the necessary showing on the merits is governed by the balance of equities as revealed through an examination of the other three factors.[5] In a leading case, Judge Frank, speaking for the Second Circuit, stated:

> To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present (*i. e.*, the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.

*Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953) (footnote omitted). More recently, the same court declared:

> One moving for a preliminary injunction assumes the burden of demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Charlie's Girls, Inc. v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir. 1973) (per curiam). To the same effect, *see also Costandi v. AAMCO Automatic Transmissions, Inc.*, 456 F.2d 941 (9th Cir. 1972).

We believe that this approach is entirely consistent with the purpose of granting interim injunctive relief, whether by preliminary injunction or by stay pending appeal. Generally, such relief is preventative, or protective; it seeks to maintain the status quo pending a final determination of the merits of the suit. An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant. There is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success.

Another weakness of adherence to a strict "probability" requirement is that it leads to an exaggeratedly refined analysis of the merits at an early stage in the litigation. If, to use Judge Frank's phrase, there exists "a fair ground for litigation and thus for more deliberative investigation," a court should not be required at an early stage to draw the fine line between a mathematical probability and a substantial possibility of success. The endeavor may be necessary in some circumstances—when interim relief would cause substantial harm to another party or person, or when the balance of equities may come to require a more careful heft of the merits. However, it is not required in all cases.

The doctrine thus stated is congruent with Rules 8 and 18 of the Federal Rules of Appellate Procedure, which state that motions for stay "must ordinarily be made in the first instance" to the district court or agency which issued the challenged order. Prior recourse to the initial decision-maker would hardly be required as a general matter if it could properly grant interim relief only on a prediction that it has rendered an erroneous decision. What is fairly contemplated is that tribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question

5. *See generally* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2948 (1973).

and when the equities of the case suggest that the status quo should be maintained.

 Applying this standard to the instant motion, we cannot say that the District Court abused its discretion in staying its permanent injunction. Although a more searching inquiry into the merits might compel the tentative conclusion that Holiday Tours is less likely than not to prevail on the merits, we have satisfied ourselves that the case is a difficult one warranting plenary review. In light of the balance of equities in this case, that suffices to sustain the stay.

The Commission's motion to vacate the District Court's order staying its permanent injunction is denied.

*So ordered.*