**COMMUNITY FOR CREATIVE NON–VIOLENCE, et al., Plaintiffs,**

v.

**James J. CARVINO, Chief, Capitol Police, et al., Defendants.**

**Civ. A. No. 86–3271.**

United States District Court, District of Columbia.

Dec. 8, 1986.

Mark A. Venuti, Washington, D.C., for plaintiffs.

Asst. U.S. Atty. Michael Martinez, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiffs filed this action for declaratory judgment and injunctive relief on November 26, 1986. They seek to have the Court declare that Section 156(a)(2) of the Capitol Police Traffic Regulations issued by the Capitol Police Board on April 12, 1976, violates the plaintiffs' First Amendment rights. At the time they filed their complaint, the plaintiffs also filed an application for temporary restraining order and motion for preliminary injunction. The case is now before the Court, as Motions Judge[1], on the application for temporary restraining order[2]. Although the plaintiffs requested a hearing on November 26, 1986, Thanksgiving Day, the Court's Chambers determined that the earliest defendants planned to take any action to remove the statue from the Capitol Grounds, or make any arrests, was November 28, 1986 at 12:00 Noon; 24 hours after the statue was placed on the grounds. Defendants, having been advised that the Court would hear the matter on November 28, 1986, agreed to withhold any action until the Court had an opportunity to hear and rule on plaintiffs' application. Defendants advised that they agreed to maintain the status quo pending a hearing on the application in deference to the Court.

On November 28, 1986, the Court heard arguments by the parties and thereafter concluded that the application for temporary restraining order should be granted. The Court so ruled in open court, setting forth the facts and law upon which it relied. This memorandum order incorporates that ruling.

### I

Very briefly, the facts are as follows: On April 12, 1976, the Capitol Police Board promulgated regulations revising the Traffic and Motor Vehicle Regulations for the United States Capitol Grounds. Section 156(a)(2) of those regulations provides that no permit may be issued for a period of more than seven consecutive days and no permit may authorize demonstration activities having a duration of more than 24 consecutive hours. The regulations also provide that "[i]mmediately upon the conclusion of each demonstration activity carried out pursuant to a permit ... all [props and equipment] permitted under [the regulations] shall be removed ... from the Capitol Grounds." Regulation, Section 156(a)(3).

On November 19, 1986, the plaintiffs applied for a permit to serve dinners to homeless people in the area on Thanksgiving Day on the Capitol Grounds, to hold a vigil on the grounds and to install a "modern day creche" on the grounds consisting of a man, woman and a baby sitting over a grate entitled "Third World America" and bearing the inscription, "And Still There is No Room At The Inn". On November 24, 1986, the defendants granted a permit to plaintiffs to hold round the clock vigil and

---

1. The case is assigned to Judge Oberdorfer.

2. The complaint, the application and the motion for preliminary injunction, were presented on November 26, 1986, together with a motion to proceed *in forma pauperis*. The motion to proceed *in forma pauperis* was granted on that date. See Order signed November 28, 1986, *nunc pro tunc*, November 26, 1986.

to serve dinner on Thanksgiving day and to place the creche on the Capitol Grounds. The permit provided however "all approved Props and Equipment shall not remain within Capitol Grounds for more than 24 consecutive hours each day. Vehicle access to the plaza shall be permitted for purposes of loading/unloading Props and Equipment each day." *See* Permit issued to plaintiffs on November 24, 1986. The permit was granted for the period beginning November 27, 1986 and ending on December 3, 1986.

The present dispute arises because the defendants contend that under the above section the plaintiffs are required to remove the creche from the Capitol Grounds every 24 hours. Defendants estimate that the creche, which is located on the site selected by the defendants, is 250 yards from the closest point off of the grounds. The defendants conceded that the creche may be removed at midnight or at any other time chosen by plaintiffs within each 24 hour period. Moreover, when the creche is removed, the defendants concede that it may be brought back on the grounds immediately after removal and that the plaintiffs are entitled to place the creche at the same location on the grounds pursuant to the permit issued by the defendants.

The plaintiffs argue that the statue weighs 500 pounds, is very fragile and that it cannot be replaced if destroyed, and that the regulations would effectively prohibit the plaintiffs from placing the creche for longer than 24 hours. The plaintiffs argue that the defendants cannot compel them to move the sculpture and interrupt the vigil unless moving the sculpture in compliance with the regulations would further a significant or important government interest.

## II

In order to be entitled to injunctive relief, the plaintiffs must establish that there is a strong likelihood that they will prevail on the merits, that they will suffer irreparable injury if injunctive relief is not granted, that the granting of injunctive relief will not substantially harm other interested parties in the proceedings and that the public interest favors granting injunctive relief. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 182 U.S.App.D.C. 220, 222, 559 F.2d 841, 843 (1977). In addition, "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id.*

The Court is mindful of the applicable test:

[T]he government may enforce reasonable time, place, and manner regulations as long as the restrictions 'are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication.'

*United States v. Grace,* 461 U.S. 171, 177, 103 S.Ct. 1702, 1707, 75 L.Ed.2d 736 (1983). *Accord Clark v. Community for Creative Non-Violence,* 468 U.S. 288, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984), which approves the above test and notes that the test approved in *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) is essentially the same.

The defendants cite five government interests in the regulations: (1) to ensure that there is no impression created that Congress endorses a particular demonstration, (2) to ensure that the "props" of demonstrations are not seen as permanent structures or additions to the Capitol Grounds, (3) to promote the free flow of traffic, (4) to keep the forum open to others, and (5) to aid the Capitol Police in keeping day-to-day control over the Capitol Grounds. The Court concludes, based on the present record, that the removal of the statue every 24 hours will not further a significant or important government interest.

The defendants concede that the plaintiffs may move the sculpture at midnight when it is likely that few people, if anyone, would be present, thus the first two interests cited above would not be served by moving the sculpture. With respect to item (3), it was the defendants who selected the location for placement of the sculpture,

and presumably, they did so having in mind the free flow of traffic. Moreover, in the event the free flow of traffic is impeded in any way, the statue may be moved. With respect to the argument that the regulation is necessary to keep the forum open to others, it is clear that notwithstanding the fact that the statue is moved every 24 hours, the permit authorizes the plaintiffs to return the statue, to the same location on the Capitol Grounds. Finally, the Court finds no merit to the argument that the regulations would aid the Capitol Police in keeping day-to-day control over the Capitol Grounds, since in the event there is any disruption, they are empowered to take appropriate and reasonable action to remove the statue, or to limit the demonstration.

The Court concludes that based upon the present record the plaintiffs have demonstrated that they may prevail on the merits. In addition, the plaintiffs have demonstrated that they will suffer irreparable injury with the loss, even for minimal periods of time, of First Amendment freedoms. *See Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976). Moreover, nothing in the present record suggests that the defendants or any other interested party will be injured by the granting of a temporary restraining order. Based upon the above, the Court concludes that the application for a temporary restraining order should be granted.

The application was granted on November 28, 1986, and will expire on December 9, 1986 at 5:00 p.m. The Court has set the matter down for argument on the motion for preliminary injunction on December 9, 1986 at 10:00 a.m. The case is assigned to Judge Oberdorfer and the parties must check with Judge Oberdorfer's Chambers for confirmation of the time for argument on the motion for preliminary injunction.

In view of the above, it is hereby

ORDERED that the defendants refrain from taking any action to enforce Section 156(a)(2) of the Capitol Police Traffic Regulations or to require the plaintiffs to remove the statue from the Capitol Grounds during the period of the permit issued by the defendants, or to arrest any persons participating in the demonstration pursuant to the permit issued by the defendants for failure to remove the statue, until this order expires, or plaintiffs no longer have a valid permit for their activities on the Capitol Grounds, whichever occurs first, provided however, that nothing in the order will prohibit the defendants from taking appropriate and reasonable action where any other provision of the permit is violated, or for the protection of the grounds, or the safety of persons using the Capitol Grounds, and it is further

ORDERED that the plaintiffs shall not be required to post a bond as a condition of the temporary restraining order, and it is further

ORDERED that this matter is set down for a hearing on plaintiff's motion for a preliminary injunction on December 9, 1986 at 10:00 a.m., absent further order by the Court.