**SUMMIT CARE–CALIFORNIA, INC., Plaintiff,**

v.

**Don NEWMAN, Acting Secretary of the United States Department of Health and Human Services, et al., Defendants.**

**Civ. A. No. 89–0169.**

United States District Court, District of Columbia.

Jan. 26, 1989.

**MEMORANDUM ORDER**

JOHN GARRETT PENN, District Judge.

The plaintiff filed this action on January 24, 1989, to challenge a decision of the defendants which plaintiff alleges would terminate plaintiff's treatment of the beneficiaries of Medicare and Medi–Cal programs. Plaintiff alleges that this Court has jurisdiction over this proceeding pursuant to the Constitution of the United States, and several federal statutes, "including Titles XVIII and Title XIX of the Social Security Act, 42 U.S.C. § 1395 *et seq.* ..., 42 U.S.C. § 1396 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201." Complaint par. 5. The case now comes before the Court on plaintiff's motion for a temporary restraining order. The motion was filed together with the complaint, and the Court heard arguments on January 25, 1989.

I

Briefly, the underlying facts as set out in the complaint are as follows: Since January 1984, Marina Convalescent Hospital (Marina), a nursing home leased and operated by plaintiff Summit Care–California, Inc. (Summit Care), and located in Culver City, California, has received reimbursement for the nursing items and services it provides to beneficiaries of the Medicare and Medi–Cal programs. Summit Care is a California corporation and Marina is a 116 bed skilled nursing facility leased and operated by Summit Care. Summit Care is an indirectly, wholly owned subsidiary of Summit Health Limited (Summit Health), a California corporation. Unlike Summit Care, Summit Health is not a Medicare or Medicaid provider, is not licensed or certified to operate a nursing facility, and is not a participant in the Medicare program or in any state health program, including Medi–Cal.

On or about October 16, 1987, Summit Health entered a plea of *nolo contendere*

to two misdemeanor charges in the case of *People of the State of California v. Hiatt, et al.*, Municipal Court of the Glendale Judicial District, County of Los Angeles, State of California, Case No. MC No. 87MO1398. The charges were contained in a March, 1987 information filed by the Los Angeles District Attorney. Those violations to which a *nolo contendere* plea was entered included one misdemeanor count charging two instances of improper record keeping in 1985 and 1986 and one misdemeanor count concerning a single instance of alleged improper administration of medication in August 1986. On January 5, 1989, the defendant James F. Patton, Director, Office of Investigations, Health Care Administrative Sanctions, Office of the Inspector General, Department of Health and Human Services, sent a letter addressed to "Summit Health, Limited, dba, Marina Convalescent Hospital" notifying it of its exclusion from the "participation in Medicare program [ ] and, any State health care program as defined in Section 1128(h) (42 U.S.C. § 1320a–7(h)) of the Social Security Act for a period of 5 years." Complaint par. 21. The action was to be effective twenty days after the date of the letter, on or about January 25, 1989.

Plaintiff complains that it was Summit Health that entered the plea of *nolo contendere* and not Summit Care, the latter being the properly licensed operator of Marina. Plaintiff further complained that the actions of the defendant arbitrarily expanded the scope of the mandatory exclusion provision set forth in the statute in two ways. "First, the offense charged and the plea entered in *California v. Hiatt*, did not meet the statutory criteria to support exclusion, since it did not relate to neglect or abuse of patients in connection with the delivery of health care. 42 U.S.C. § 1320a–7(a). Second, the statute plainly provides that a plea of *nolo contendere* shall be considered a conviction only with respect to a 'physician or other individual.' 42 U.S.C. § 1320a–7(i). No statutory provision for exclusion exists for *nolo contendere* pleas by corporations." Complaint par. 23. Plaintiff alleges that despite the knowledge that Summit Health is not a provider, licensee or participant, and the knowledge that Summit Care was not convicted and had never entered a plea in any criminal case, the defendants gave notice by their letter dated January 5, 1989, of their intention to exclude "Summit Health Limited d/b/a Marina Convalescent Hospital" from Medicare and Medicaid. Plaintiff alleges that such action will cause irreparable harm to the plaintiff, as well as harm to patients in plaintiff's facility and therefore plaintiff requests a temporary restraining order pending full consideration of the merits of the case.

## II

In order to be entitled to injunctive relief, the plaintiff must demonstrate that it is likely to prevail on the merits, that in the absence of injunctive relief it will suffer irreparable injury, that the granting of injunctive relief will not cause substantial harm to other parties interested in the proceedings, and where lies the public interest. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S.App.D.C. 220, 222, 559 F.2d 841, 843 (1977). Moreover, "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id.*

After giving careful consideration to the motion for temporary restraining order and the arguments of counsel, the Court concludes that the motion should be denied. Plaintiff has not demonstrated that it has a strong likelihood of prevailing on the merits. Plaintiff contends that the criminal conviction, based upon the *nolo contendere* plea, is against Summit Health, which is not a provider of health services, rather than Summit Care which is doing business as Marina. But the *nolo contendere* plea by Summit Health was based upon facts occurring at Marina. Thus, while the California District Attorney brought the charges against Summit Health, it appears that such charges could have been brought against Summit Care in its operation of Marina since the violations were at Marina. Moreover, the violations related to the

health and safety of patients at Marina, although there was no finding of abuse. It appears that Summit Health does not operate a separate nursing home in Los Angeles, although it apparently operates a number of nursing homes throughout the Southwest. Furthermore, although the plaintiff seemed to contend at one point that the statute may not apply to a corporation, such as Summit Health, or Summit Care, the statute provides "[t]he Secretary shall exclude the following *individuals and entities* from participation in any program ... [and in any state health program where the] individual or entity [ ] has been convicted of a criminal offense related to the delivery of an item or service under subchapter XVIII of this chapter or any other State health care program." 42 U.S. C.A. § 1320a–7(a)(1) (emphasis the Court's). The language would include a corporation.

In seeking a temporary restraining order, plaintiff has failed to demonstrate that it will suffer irreparable injury within the next ten days in the event the defendants are not enjoined. It is alleged that approximately eighty percent of the patients at Marina receive services paid for by Medicare or Medi–Cal; but plaintiff has not demonstrated that it cannot continue to operate, or perhaps even take in new patients, in the absence of the receipt of Medicare or Medi–Cal payments. Moreover, the Court was advised at the hearing that Medicare and Medi–Cal payments will continue for the next thirty days for any patients now living in the facility, although Medicare and Medi–Cal payments will not be made for any new patients. At the end of the thirty day period Medicare and Medi–Cal payments will cease; the apparent purpose of the thirty day period is to allow for the orderly removal or relocation of any patients who cannot afford to remain in plaintiff's facility absent Medicare for Medi–Cal payments. Within that thirty-day period, plaintiff can certainly move for a preliminary injunction, or file an appropriate motion for summary judgment addressing the legal issues relating to the termination of Medicare and Medi–Cal payments.

With respect to the question of whether other persons involved in the case are likely to suffer substantial injury if injunctive relief is granted, the Court notes only that the allegations made against Summit Health, and indirectly against the plaintiff, related to the treatment or health of two patients. There were no allegations of abuse, but the charges were sufficient to warrant the filing of a criminal complaint. In plaintiff's favor, the Court notes that a more recent investigation of plaintiff's facility appears to suggest that the plaintiff is providing reasonable service as required by the California statute and that the matters leading to the charges against Summit Health have been corrected. The Court is also aware that any movement of elderly citizens or disruption in their life style can be a traumatic experience. Nevertheless, in view of the fact that the plaintiff has failed to demonstrate a strong likelihood of success in this case or that it will suffer immediate irreparable injury; the fact that injunctive relief may not cause substantial injury to others involved in the case does not warrant the granting of a temporary restraining order.

Finally, the public interest demands that elderly citizens receive adequate care.

Taking all of the above matters into consideration the Court concludes that plaintiff's motion for a temporary restraining order must be denied.

It is hereby

ORDERED that plaintiff's motion for a temporary restraining order is denied.