**ACE–FEDERAL REPORTERS, INC., Plaintiff,**

v.

**The FEDERAL ENERGY REGULATORY COMMISSION, Defendant.**

**Civ. A. No. 90–0287.**

United States District Court, District of Columbia.

Feb. 28, 1990.

Ronald K. Henry, Washington, D.C., for plaintiff.

Asst. U.S. Atty. Charles F. Flynn, and Joseph Gallo, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiff, Ace–Federal Reporters, Inc. (Ace–Federal), filed this action for declaratory and injunctive relief to enjoin the Federal Energy Regulatory Commission (FERC) from awarding a contract for stenographic services to any entity other than the plaintiff, and if a contract has already been awarded, to enjoin FERC from implementing the performance of that contract by any entity other than the plaintiff.

The case comes before the Court on plaintiff's motion for a preliminary injunction. The motion is opposed by FERC and Ann Riley & Associates, Ltd. (Ann Riley), a defendant-intervenor who was allowed to intervene in this action on February 22, 1990. Ann Riley has filed an opposition to the motion as well as a motion for summary judlgment, and FERC has filed a motion for summary judgment and relies upon that motion as its opposition to the motion for a preliminary injunction. FERC's motion for summary judgment was filed on February 22, 1990 and Ann Riley's motion was filed on February 23, 1990. Neither motion is ripe. The Court heard arguments on the motion for a preliminary injunction on February 26, 1990.

### I

Very briefly, the underlying facts are as follows. FERC, acting through its Division of Procurement, issued Solicitation No. DE–FB89–RC–00001 (the "First Solicitation") for stenographic services on August 25, 1989. The First Solicitation was issued as an Invitation for Bids (IFB) to provide stenographic reporting services at FERC for one year, from October 1, 1989 through September 30, 1990, with four one-year option periods thereafter. The stenographic

services contractor receives revenue from the sale of transcripts to the public. Such sales fully defray the cost of performance and FERC has not made any payment for stenographic services in, at least, the last eight years. Plaintiff represents that FERC expected that the First Solicitation would result in "no charge" bids, and in fact four of the six bids from five vendors responding to the First Solicitation offered "no charge" to FERC. Plaintiff submitted two bids, one bid offering to make payments in the amount of $.05 per page for the life of the contract, this bid being a so-called "bonus bid" and the alternative bid was one offering "no charge". Plaintiff alleges that its "bonus bid" offered the price most advantageous to the government and that as a result plaintiff expected to receive the award. Instead, the Contracting Officer cancelled the First Solicitation by issuing Amendment No. 2 on September 27, 1989. The amendment stated that the First Solicitation was "cancelled in its entirety due to ambiguities in the Invitation for Bids."

Plaintiff contends that FERC's determination to cancel the First Solicitation lacked any compelling justification and did not meet any of the criteria set forth in the applicable statutes and regulations governing the cancellation of a solicitation. It asserts that the action cancelling the solicitation was arbitrary and capricious and an abuse of discretion. On October 12, 1989, the plaintiff filed a timely protest with the General Accounting Office (GAO) objecting to the cancellation of the First Solicitation. GAO denied the protest on February 2, 1990.

On November 30, 1989, while the GAO protest was still pending, FERC issued a Second Solicitation for the same services, Solicitation No. DE–FB90–RC–00009 (the "Second Solicitation"). The plaintiff contends that the Second Solicitation did not prohibit bids offering payments to the Government and specifically encouraged creative alternatives through its Provision L.12. Prior to amendment, Provision L.12 read: "Alternate bids submitted within the scope of this solicitation will be con-

sidered." By Amendment No. 1, plaintiff alleges that FERC changed its position and refused to consider "bonus bids" offering payments to the government. That amendment reads as follows:

Under *Section L, Instructions Conditions and Notices to Offerors*, page 63 of the basic solicitation, Item *L.12, Alternate Bids*, add to the heading *"and Bonus Bids"*. At the end of the sentence under the heading add the following new sentence: "Bonus bids, including offers of additional sums to be paid to the Government, will not be considered."

Plaintiff thereupon filed a second protest with the GAO based upon its contention that FERC violated the statutory and public policy requirements in that it included provisions in the Second Solicitation that among other things refused to consider bonus bids. That protest is still pending.

Amendment No. 4 to the Second Solicitation was published and plaintiff contends that Amendment No. 4 removed the prohibition against submitting bonus bids. Amendment No. 4 reads as follows:

The purpose of this amendment is to delete provision L.12, entitled *Alternative Bids*, and substitute the provisions L.12, entitled *Alternate Proposal Information*. In addition, this amendment will incorporate 90 days in Block 12 of the Standard Form 33, which was inadvertently left out. Accordingly.

1. Provision L.12 shall read:

L.12—*ALTERNATE PROPOSAL INFORMATION*, Alternate proposals are not solicited, are not desired, and shall not be evaluated.

Plaintiff submitted a bonus bid substantially in excess of its original bid in which it offered to pay FERC approximately $1.25 million dollars over the five-year life of the contract for the privilege of providing stenographic services to the agency. FERC opened the bids pursuant to the Second Solicitation on February 5, 1990. None of the other bidders offered to make any payments to provide the services. Plaintiff alleges that its bid was the most advantageous to the Government but FERC did not accept plaintiff's bid. By letter dated February 9, 1990, FERC informed plaintiff that its bid was rejected because it contained a bonus provision. The letter also stated that a lottery would be held among those contractors submitting "no charge" bids. The lottery was held and was won by Ann Riley.

In its motion for preliminary injunction, plaintiff requests that the Court enjoin FERC from awarding the contract to any entity other than plaintiff pending resolution of this litigation.

II

In order to be entitled to injunctive relief the moving party must demonstrate that it is likely to prevail on the merits, that it will suffer irreparable injury absent the granting of injunctive relief, that the issuance of an injunction will not cause substantial harm to other persons interested in the proceedings, and that the issuing of an injunction is in the public interest, or in any event, is not adverse to the public interest. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S.App.D.C. 220, 222, 559 F.2d 841, 843 (1977). "The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant [an injunction] even though its own approach may be contrary to movant's view of the merits. The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id.*

After taking into consideration the motion and the opposition thereto and the record in this case, the Court concludes that it is appropriate to grant plaintiff's motion for a preliminary injunction. First, although the plaintiff has not demonstrated that there is a "mathematical certainty" that it will prevail in this litigation, the plaintiff has raised substantial questions concerning the actions of the agency in the agency's consideration of the First and Second Solicitations. Moreover, there is a serious question concerning the interpretation of the Fourth Amendment to the Second Solicitation. Plaintiff contends that the Fourth Amendment allows the submission

of bonus bids while FERC contends that a proper reading of the Fourth Amendment to the Second Solicitation results in a conclusion that it prohibits the submission of bonus bids. Amendment No. 4 stated in part that "Provision L.12 shall read L.12– *ALTERNATE PROPOSAL INFORMATION*, Alternate proposals are not solicited, are not desired and shall not be evaluated." Plaintiff contends that the language makes no reference to bonus bids. Although FERC concedes that the above language makes no reference to bonus bids, it argues that the above language must be read in conjunction with the First Amendment to the Second Solicitation. Second, plaintiff's present contract is to expire on February 28, 1990, and thereafter, if FERC is allowed to proceed with its plan to award the contract to Ann Riley, Ann Riley would begin services on March 1. The change in services in one day would cause irreparable injury to the plaintiff in that plaintiff might be required to lay off employees and yet remain in the position to pick up the contract if it should prevail in this action. Likewise, it would seem that a change in the contract on March 1 would not be in the best interest of Ann Riley since it is likely that Ann Riley would be required to retain additional personnel but perhaps for a short period of time. It is reasonable to maintain the status quo for the short period of time necessary to resolve this on the merits. The fact is that FERC and Ann Riley have already filed motions for summary judgment and the plaintiff has requested that it be permitted to file its opposition thereto on March 9, 1990. Allowing a short additional time within which FERC would be permitted to reply to plaintiff's opposition, the motion for summary judgment would be ripe no later than March 15, 1990. This Court would not be inclined to grant any extensions of time. Under these circumstances, any injunction would be for a very short duration and would merely maintain the status quo until the Court has an opportunity to consider the merits of the case.

In all likelihood, further oral arguments would not be necessary and the Court should be able to dispose of this case before the end of March 1990. Under the above circumstances, the Court grants the motion for a preliminary injunction. The granting of the motion is in the best interest of the public in that it allows a continuity of operation within the agency. Moreover, there is under consideration the question of whether the submission of bonus bids can be property forbidden by the agency.

In view of the above, it is hereby

ORDERED that plaintiff's motion for a preliminary injunction is granted, and it is further

ORDERED that the Federal Energy Regulatory Commission, its agents, servants, employees and all persons in active participation with it, is enjoined from awarding a contract to any entity other than the plaintiff, or if such contract has already been awarded, from allowing the performance of the contract by any other entity other than the plaintiff pending the resolution of this litigation, and it is further

ORDERED that plaintiff shall file its opposition to the defendant's motion for summary judgment on or before March 9, 1990, and it is further

ORDERED that the movant shall file a reply to said opposition on or before March 15, 1990, and it is further

ORDERED that the plaintiff shall post a surety bond in the amount of $10,000.