Robert C. Hauhart, Public Defender Service, Washington, D.C., for plaintiff.

Harry Alexander, Corp. Counsel, Washington, D.C., for defendants.

**William H. YARBAUGH, Plaintiff,**

v.

**David D. ROACH, et al., Defendants.**

**Civ. A. No. 88–1536.**

United States District Court,
District of Columbia.

April 24, 1990.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

Plaintiff a 30 year old black male has been diagnosed with multiple sclerosis. He is currently a prisoner confined at the D.C. Detention Facility Infirmary. Pursuant to Fed.R.Civ.P. 65, plaintiff moves the Court to grant a preliminary injunction directing defendants to immediately provide him appropriate medical care commensurate with prevailing community medical standards for a person suffering from multiple sclerosis with his degree of impairment.

This case was filed on June 6, 1988. On August 8, 1988, this Court referred the case to the D.C. Bar Lawyer Referral in order to obtain assistance in finding counsel to represent the plaintiff. On August

8, 1989, the Court granted Robert C. Hauhart's motion to appear on behalf of plaintiff for the limited purpose of presenting plaintiff's motion seeking independent medical examination.[1]

The Court held a hearing on plaintiff's motion for a preliminary injunction on February 16, 1990.[2] The Court heard testimony from plaintiff[3] and Dr. James F. Grim, a neurologist. In addition the Court has received a report from Dr. Grim and Dr. Kenneth Johnson, a neurologist, after their examination of the plaintiff, as well as, reports from Ellen K. DeLuca[4], a nurse, and Linda Samuels, a licensed certified social worker. The defendants have submitted a report from Dr. Rao and an affidavit from Dr. Bradley, as well as, plaintiff's medical records.

## I.

■ The Supreme Court has stated that the government has an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).[5] In the District of Columbia, physicians owe the same standard of care to prisoners as physicians owe to private patients generally. *District of Columbia v. Mitchell*, 533 A.2d 629 (D.C. App.1987). Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. at 291 (1976).

■ The parties do not dispute that multiple sclerosis is a debilitating disease, that requires continuous maintenance; however, they do dispute the medical services that the plaintiff is receiving. The defendants contend that plaintiff is receiving satisfactory medical treatment. However, upon review of the plaintiff's testimony, the affidavits, reports and the entire record in this case, it is clear to the Court that plaintiff is not receiving adequate medical treatment. Further, it is clear that defendants have been on notice since June, 1988, of plaintiff's condition and have failed to address his needs. The Court concludes that such deliberate indifference to plaintiff's serious medical needs is in violation of the Eighth Amendment.

The following are the facts that the Court concludes are supported by the record. Plaintiff is within the lawful custody and control of defendants, or their designees, due to his D.C. Superior Court convictions and sentence and has been confined at the D.C. Detention Facility Infirmary since the summer of 1989. Plaintiff

1. On October 16, 1989, Mr. Hauhart entered his appearance for the purpose of seeking injunctive and declaratory relief. Mr. Hauhart has also filed the present motion on plaintiff's behalf. The Court appreciates the assistance that Mr. Hauhart has provided in this case.

2. On February 14, 1990, the defendants filed a motion for a continuance of the February 16, 1990 hearing. The defendants stated that "[t]he instant continuance is being requested so that the defendants may ascertain what the issues in this case are and, if needed, to retain expert witnesses to address and rebutt [sic] these contentions." The Court denied that motion. *See* Order filed February 15, 1990. The Court notes that this case has been pending since June 6, 1988. The defendants have been on notice for at least that long that the plaintiff has multiple sclerosis and that he believes that the medical services he receives are inadequate. The defendants had ample opportunity to review plaintiff's complaint and the conditions of his confinement.

3. Plaintiff, in addition to his testimony, submitted a diary on the medical services he has received; particularly, plaintiff points out when his request for assistance has been denied and when he did not receive particular services.

4. On February 13, 1990, the Court granted plaintiff's motion for an expedited order permitting plaintiff's nursing expert, Ms. DeLuca, to enter the D.C. Jail Infirmary for the purpose of an inspection. The purpose of the inspection was to allow Ms. DeLuca to evaluate plaintiff in his bed, transferring from his bed, in his wheelchair, transferring from his wheelchair, and in other sites and spaces he must use in the Infirmary, so that she may properly assess how the severity of his disability impacts upon the mechanical and structural features of his Infirmary environment, and how they impact upon him. Based upon that inspection, Ms. DeLuca prepared a report on plaintiff's behalf.

5. The Supreme Court noted that "an inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, these needs will not be met." *Id.*

suffers from multiple sclerosis. Plaintiff has not been examined by a D.C. Jail Infirmary physician from the time of his confinement to that facility through February 16, 1990. Further, no D.C. Jail, Department of Corrections, or D.C. General Hospital neurologist examined plaintiff from August, 1988 through February 16, 1990. The defendants have not examined the plaintiff in order to establish a appropriate plan to provide adequate medical services.[6]

Plaintiff has not received physical therapy on a regular basis. He has had neither a bath nor shower since August 1989, although he has requested assistance from D.C. Jail Infirmary staff. Plaintiff has difficulty transferring unassisted from his bed to his wheelchair, and vice versa, and has occasionally fallen doing so. He routinely receives no assistance in changing position in bed or transferring from his bed to his wheelchair, and vice versa. The manual bed in plaintiff's room does not raise or lower since on or about early November, 1989. The "callbutton" in plaintiff's room does not work.

## II.

In order to be entitled to injunctive relief, a plaintiff must demonstrate (1) that he has a strong likelihood of success on the merits, (2) that he will suffer irreparable injury if injunctive relief is denied, (3) that other interested parties will not suffer substantial harm if injunctive relief is granted, and (4) that the public interest favors the granting of injunctive relief or, at least, that the granting of injunctive relief is not adverse to the public interest. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S.App.D.C. 220, 222, 559 F.2d 841, 843 (1977). In addition, "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id.*

Upon review of the record, the Court concludes that plaintiff has demonstrated a strong likelihood of success on the merits. As noted above, it is clear to the Court that plaintiff is not receiving adequate medical services. Due to the seriousness of the disease, the Court concludes that plaintiff will suffer irreparable injury if the injunction is not granted. The defendants will not suffer irreparable injury, the Court's Order is only intended to enforce the defendants' obligation to provide the plaintiff with appropriate medical care.[7] Further, granting the injunction is not adverse to public interest.

In view of the above, the Court concludes that a preliminary injunction is appropriate.

It is hereby

ORDERED that defendants make immediate arrangements to provide plaintiff with suitable medical treatment, including all necessary physical therapy as recommended by plaintiff's medical consultants, it is further

ORDERED that the medical treatment shall include assurance that plaintiff will receive assistance in bathing, that plaintiff will receive assistance in being transferred from his bed to his wheelchair, and vice versa, and that the "callbutton" in plaintiff's room be fixed, it is further

ORDERED that defendants submit regular reports to the Court with copies to the plaintiff describing in detail the actions taken leading to timely and full compliance with this Order, it is further

ORDERED that the defendants' reports are due the first of every month beginning on May 1, 1990, it is further

ORDERED that this Order will remain in effect for the pendency of this litigation or until further order of the Court, it is further

---

6. Dr. Grim and Dr. Johnson has examined plaintiff and they have provided the only recommendations before the Court.

7. The Court notes that the injunction might require the defendants to incur high cost; however, that is not a basis to deny the injunction. The Court continues to encourage the defendants to explore whether a medical pardon is appropriate or whether there is another facility that can better accommodate plaintiff's needs.

ORDERED that defendants show cause on or before May 15, 1990, why this injunction should not be made permanent.