The **PROFESSIONAL PLANT GROWERS ASSOCIATION,** Plaintiff,

v.

**U.S. DEPARTMENT OF AGRICULTURE, ANIMAL AND PLANT HEALTH INSPECTION SERVICE,** Defendant.

Civ. A. No. 95–0293 (JR).
Docket Nos. 3, 15, 16.

United States District Court, District of Columbia.

March 21, 1995.

James R. Cannon, Stewart and Stewart, Washington, DC, for plaintiff.

Fred E. Haynes, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM ORDER

ROBERTSON, District Judge.

In this action filed February 13, 1995, plaintiff Professional Plant Growers Association (PPGA) seeks judicial review of a final rule issued by the Animal and Plant Health Inspection Service (APHIS) of the U.S. Department of Agriculture amending 7 C.F.R. § 319.37–8 (Regulation "Q–37") by adding four new plant genera to a list of plants approved for importation into the U.S. in "growing media." Before the Court is plaintiff's motion for preliminary injunction. A hearing was held March 14, 1995, at which both sides presented oral argument and plaintiff presented the testimony of two expert witnesses.

Plaintiff's theory is that the amendments to Regulation Q–37 were not rationally based on the evidence of record; were the outcome of a methodological approach that contravened the cautionary purpose of the Plant Quarantine Act ("PQA") and defendant's past practice of allowing importation of new plant genera in growing media only upon adequate scientific testing and demonstration of safety; were done without allowing interested parties the opportunity to provide meaningful comment; and disregarded scientific evidence adduced at a public hearing and in written comments filed on behalf of PPGA and other parties opposing the proposed regulation.

For purposes of its motion for preliminary injunction, plaintiff had the burden of bringing its case within the well-established, four-part test laid down in this Circuit by *Randolph–Sheppard Vendors of America v. Weinberger*, 795 F.2d 90, 110 (D.C.Cir.1986). *See also Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C.Cir.1977).

■ *Irreparable Injury.* Plaintiff's case for irreparable injury is premised, in part, on the testimony of expert witnesses who testified to their concern that importing plants in growth media (rather than with clean, bare roots, as they are presently imported) could result in the importation of increased numbers and varieties of plant pathogens. Professor Horst, in particular, was concerned about this problem in the case of plants imported in peat. Neither expert testified that the amended regulation would increase the risk of importing "exotic" or "actionable" species of pathogens (that is, unknown pathogens that might take hold and flourish or pathogens known to be dangerous). Their concern, instead, was that, once imported, plants in growth media might be singled out by state agriculture inspectors for quarantine or worse, with resultant economic harm to plant growers. The record on this point establishes, at most, a *possibility* of irreparable injury—too speculative to sustain plaintiff's burden.

*Likelihood Of Success On The Merits.* Plaintiff asserts that the APHIS amended regulation (a) relied on factors Congress did not intend APHIS to consider and (b) offered an explanation for APHIS' decision that runs counter to the evidence before it. Either of those propositions, if established, would render the rule in question arbitrary and capricious. *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Company*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983).

■ On its first point, plaintiff urges that a principal purpose for amending regulation Q–37 was to reduce the cost to consumers of purchasing the plants in question, since plants imported in growing media can apparently be sold less expensively than either the bare root versions or domestic products; and plaintiff argues that Congress did not intend decisions under the Plant Quarantine Act, 7 U.S.C. § 151 *et seq.*, to be decided on the basis of economics. The government responds that its collection and recitation of economic facts in this rulemaking was required by other statutes, *e.g.*, Executive Order No. 12291, 46 F.R. 13193 (1981), and that economics did not drive the decision to amend regulation Q–37. In its current state of development the record supports the government.

On its second point, plaintiff urges that APHIS' explanation runs counter to the evi-

**132**

dence before the agency. That argument was strongly and credibly disputed at oral argument and cannot be tested against this record in any event, because the administrative record has not been filed. Plaintiffs concede that they have not reviewed the administrative record.

In fact, plaintiffs' most focused argument on the instant motion is that the entire record of the APHIS decision is not known—that APHIS relied upon a "risk management" study that was not made public in the course of the rulemaking, so that plaintiff did not have the opportunity to comment upon it. Here, plaintiff relies upon *Endangered Species Committee v. Babbitt*, 852 F.Supp. 32 (D.D.C.1994). *Babbitt* may or may not turn out to be applicable to the instant case once the government files the administrative record and plaintiff has the opportunity to present its position on the merits. But *Babbitt* is of no help to plaintiff at this stage: in that case, plaintiff's motion for preliminary injunctive relief was *denied.*

Neither of the last two elements of the applicable four-part preliminary injunction test is a factor in the Court's decision on the instant motion.

I find that plaintiff has failed to sustain its burden of establishing either irreparable injury or the requisite degree of likelihood of success on the merits.

Accordingly it is this 21st day of March 1995, **ORDERED** that:

(1) The motion for preliminary motion is **DENIED;**

(2) Defendant shall file the administrative record by March 24, 1995; and

(3) Plaintiff may have to and including May 15, 1995, within which to file any dispositive motion.