**BOEHRINGER INGELHEIM
CORPORATION,
Plaintiff,**

v.

**Donna E. SHALALA, et al., Defendants.**

**Civ. No. 97-1516 (TFH).**

United States District Court,
District of Columbia.

Aug. 8, 1997.

Barbara Susan Wahl, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Plaintiff.

Gerald Cooper Kell, U.S. Dept. of Justice, Washington, DC, for Defendants.

## *ORDER*

THOMAS F. HOGAN, District Judge.

■ Pending before the Court is plaintiff's motion filed August 6, 1997, and argued August 7, 1997, seeking to obtain a temporary restraining order to undo Genpharm Inc.'s FDA-approved waiver of its statutory exclusivity in favor of Granutec, Inc... [1] The Court must consider four factors in an application for a temporary restraining order: (1) whether there is a substantial likelihood that the plaintiff will prevail on the merits; (2) whether the plaintiff will suffer irreparable injury if the temporary restraining order does not issue; (3) the hardship to the defendants if the temporary restraining order is granted is balanced against the hardship to the plaintiff if the temporary restraining order is not granted; and (4) whether the public interest favors granting the preliminary relief requested. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841, 843–44 (D.C.Cir.1977). After considering these factors, the Court will deny the plaintiff's motion for the following reasons.

---

[1] Plaintiff also contemporaneously filed a motion to amend the complaint to add three counts dealing with the waiver issue. Since the defendants have not yet had an opportunity to respond to that part of the motion, the Court will not rule upon it at this time. Any oppositions should be filed within the normal time frame provided under the rules.

■ First, the Court cannot find that the plaintiff has demonstrated a likelihood of success on the merits. Plaintiff argues that the statutory provision governing ANDA approvals, 21 U.S.C. § 355(j)(4)(B)(iv), contains explicit mandatory language that requires the FDA, if an ANDA containing a paragraph IV certification has been filed, to withhold the approval of subsequently filed ANDAs containing such certification until 180 days after one of two listed events occurs. By allowing Genpharm to waive its 180 marketing exclusivity in favor of Granutec, plaintiff argues that the FDA violates 21 U.S.C. § 355(j)(4)(B)(iv), because Granutec has not yet met the mandatory conditions for FDA approval set forth in the statute. In addition, the plaintiff argues that there is no waiver provision within the statute and that the FDA's interpretation of the statute as containing such a waiver provision is baseless and contrary to law. The Court cannot agree.

The statutory provision in question does contain mandatory language. However, that language does not speak to the precise issue at hand. Section 355 says nothing about waivers of exclusivity. There is nothing to indicate that Congress even thought about waivers in drafting the section. The statute is simply silent on the point, and certainly does not clearly express a statutory policy precluding waivers. In cases such as this, the Court is guided by *Chevron v. NRDC*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), where the Supreme Court explained:

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Id.* at 842–43. The standard is similar under the Administrative Procedure Act ("APA") which allows a court to hold unlawful and set aside any agency action, findings, or conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706.

At this early juncture, the Court cannot find that the FDA's interpretation of the statute is based on an impermissible construction, nor can the Court conclude that the interpretation is arbitrary and capricious, an abuse of discretion, or not in accordance with the law. As noted, the applicable section of the statute is silent on the issue. In addition, though there has never before been a waiver with respect to the 180 day provision, the FDA has pointed to other instances where the agency has approved waivers with respect to the three and five year provisions of the statute. For these reasons, the Court finds at this time that the plaintiff does not have a strong likelihood of succeeding on the merits with respect to the waiver issue.

It is clear to the Court that the plaintiff will suffer some irreparable injury if the Court denies preliminary relief. Such a denial would allow Granutec to continue its exclusive marketing of ranitidine hydrochloride (generic Zantac) until at least August 29, 1997, when plaintiff allegedly becomes eligible to join the market. It is undisputed that earlier entrants in the market usually obtain a greater market share and larger profits. This, however, also affects the balance of the hardships analysis. Genpharm and Granutec would be equally harmed by an order granting a temporary restraining order and forcing them to wait until at least August 29, 1997, to begin marketing the drug. At that point, at least two companies, Boehringer and Granutec, would likely be able to begin marketing the drug. As a result, Genpharm and Granutec would lose the advantage of being the first to market. Plaintiff can hardly argue that this would not be a significant injury given the fact that it is precisely this

injury from which plaintiff seeks to protect itself.

The Court also finds that the public interest disfavors granting plaintiff's motion. First there is the public interest in receiving generic competition to brand-name drugs as soon as is possible. In addition, the public interest is served by the lawful application of statutes and requiring an agency to act lawfully and within its obligations under the APA. In light of the Court's view regarding the plaintiff's likelihood of success on the merits, it is clear to the Court that this particular public interest would be better served by denying the plaintiff's motion.

For the reasons set forth above, it is hereby

ORDERED that plaintiff's motion for a temporary restraining order filed August 6, 1997, is DENIED.