RANDOLPH, Circuit Judge,
concurring, with whom SENTELLE, Circuit Judge, joins:
I join the per curiam opinion and Judge Sentelle’s opinion in part II. I write sepa *550 rately to explain why I believe vacating (or reversing) and remanding unlawful agency action, rather than simply remanding, should always be the preferred course.
It is easy to forget that when we vacate and remand, as we are doing here, there will be a safety valve. The agency, and any intervenors on its side, will have the opportunity to file post-decision motions demonstrating why the unlawful order or rule should remain in place during proceedings on remand. See, e.g., U.S. Tel. Ass’n v. FCC, 188 F.3d 521, 531 (D.C.Cir. 1999). Vacating an order or rule and then entertaining such stay motions has several important advantages over remanding without vacating. First, it preserves the adversary process. When we simply order a remand at the end of our merits opinion we are invariably making a remedial decision without the benefit of briefing or argument. It is quite rare for the parties even to mention the question of remedy in their merits briefs. In post-decision motions on stay applications, that will be the question they address. The court thus will have the benefit of hearing from both sides. Second, in deciding whether to allow unlawful agency action to remain in place during the remand (by way of a stay), the court will act with its eyes open and will have the information needed to assess the consequences of granting or denying a stay. Third, the existence of a stay with time limits, rather than an open-ended remand without vacatur, will give the agency an incentive to act promptly; when we simply remand, the agency has no such incentive. Fourth, there is a longstanding body of law in this circuit establishing the factors that determine whether a stay should be granted. See, e.g., Virginia Petroleum Jobbers v. FPC, 259 F.2d 921, 925 (D.C.Cir.1958); WMATA v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C.Cir.1977); Wisconsin Gas Co. v. FERC, 758 F.2d 669, 673-74 (D.C.Cir. 1985) (per curiam). These include the likelihood that the agency’s position will prevail on remand; the likelihood that there will be irreparable harm without the stay; the prospect that others will be harmed if the court grants the stay; and the public interest in granting the stay. Id. Remanding without vacating is in effect granting an indefinite stay of the effectiveness of the court’s decision. Yet we have issued many remand-only orders without mentioning or analyzing any of the considerations that should guide our remedial judgment. See, e.g., Western Resources, Inc. v. FERC, 9 F.3d 1568, 1581 (D.C.Cir.1993); Laclede Gas Co. v. FERC, 997 F.2d 936, 948 (D.C.Cir.1993); City of Mesa v. FERC, 993 F.2d 888, 898 (D.C.Cir. 1993). Even when we have offered some reasons for remanding without vacating, the reasons given are different from the factors set forth in Virginia Petroleum Jobbers, which I believe should be controlling. See, e.g., Sugar Cane Growers Coop. of Fla. v. Veneman, 289 F.3d 89, 98 (D.C.Cir.2002). I would therefore vacate and remand regardless whether a judicial review provision gave us discretion merely to remand and leave the illegal rule in place.