TATEL, Circuit Judge,
concurring in the disposition of the motions:
I agree that we have jurisdiction. The district court’s order directing the defendants to produce a list of privileged documents, relief the Committee specifically seeks in its complaint, Compl. ¶83, operates as an appealable injunction under 28 U.S.C. § 1292(a)(1). See Cobell v. Kempthorne, 455 F.3d 317, 322 .(D.C.Cir.2006). And because the challenge to that order is “inextricably intertwined” with the other issues in the case, we have pendent jurisdiction over the entire appeal. United States ex rel. Long v. SCS Bus. & Technical Inst., Inc., 173 F.3d 870, 873 (D.C.Cir.1999).
To show a likelihood of success on the merits sufficient to obtain a stay pending *912 appeal, an appellant who will suffer serious irreparable injury need only raise “questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.” Wash. Metro. Area Transit Comm’n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C.Cir.1977) (internal quotation marks omitted). Except for the executive’s assertion of absolute immunity from congressional process, see Comm. on the Judiciary, U.S. House of Representatives v. Miers, 558 F.Supp.2d 53, 99-107 (D.D.C.2008) (persuasively rejecting claim of absolute immunity), the issues before us satisfy that modest standard.
Nonetheless, I am perplexed by the panel majority’s willingness to grant a stay while hypothesizing that the expiration of the 110th Congress might moot the case before it is heard on the merits. Never have we granted a stay that would have the effect of irrevocably depriving a party of its victory in the district court. Nor have we authority to do so, for a stay in such circumstances would necessarily cause “substantial” — indeed, overwhelming — harm. See United States v. Philip Morris, Inc., 314 F.3d 612, 617 (D.C.Cir.2003) (explaining that a stay is inappropriate where it would cause “substantial harm” to a non-moving party).
For the reasons stated by committee counsel at oral argument, however, I am convinced the case will survive this Congress. Whether or not the case would otherwise be capable of repetition yet evading review, the successor Congress can assert the prior Committee’s investigatory interest, as it did in United States v. AT & T Co. (AT & T II), 567 F.2d 121 (D.C.Cir.1977). See also Conyers Deck That being the case, the Committee’s concession that this matter will continue into the 111th Congress, regardless of whether we grant a stay, tips the balance of harms in favor of giving the courts due time for “more deliberative investigation.” Holiday Tours, 559 F.2d at 844.
The Committee has asked us to expedite this appeal if we grant a stay, but the fact that the case will in any event continue into next year counsels against rushing our deliberations. In another parallel to the AT & T litigation, abiding by the usual briefing schedule has the advantage of allowing the input “not only [of] a new House but [of] a new President.” United States v. AT & T Co. (AT & T I), 551 F.2d 384 (D.C.Cir.1976); see also AT & T II, 567 F.2d at 127 (“The framers, rather than attempting to define and allocate all governmental power in minute detail, relied, we believe, on the expectation that where conflicts in scope of authority arose between the coordinate branches, a spirit of dynamic compromise would promote resolution of the dispute in the manner most likely to result in efficient and effective functioning of our governmental system.”).