UNITED STATES of America, Plaintiff,

v.

**WESTERN ELECTRIC COMPANY, INC., et al., Defendants.**

**Civ. A. No. 82–0192 (HHG).**

United States District Court, District of Columbia.

Aug. 9, 1991.

MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

On July 25, 1991 this Court ordered the removal of the restriction on Regional Company participation in the information services market but simultaneously stayed the effect of that order pending appellate review. 767 F.Supp. 308. Now before the Court is a motion by the Regional Companies to vacate the stay which, if granted, would allow the Companies to enter the information services market immediately. The Court has considered that motion, as well as the memoranda filed by various intervenors supporting and opposing the motion. For the reasons set forth below, the motion will be denied.

In considering whether to grant a stay pending appeal, a court must consider four factors: (1) whether those opposing the stay will be significantly injured if it is

granted; (2) whether those in favor of the stay will be irreparably harmed if the stay is denied or vacated; (3) whether the public interest favors the grant of the stay; and (4) whether there is a substantial likelihood that those favoring the stay will prevail on the merits on appeal. *Cuomo v. United States Nuclear Regulatory Commission,* 772 F.2d 972, 974 (D.C.Cir.1985); *Wisconsin Gas Co. v. F.E.R.C.,* 758 F.2d 669, 673–74 (D.C.Cir.1985); *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir. 1977). This Memorandum considers each of these factors in turn.

■ First. The Regional Companies claim that they will be injured if there is further delay in permitting them to enter the information services market. But the Companies cannot reasonably claim that a stay seriously threatens them. Their primary business, local telecommunications, is and will remain a lucrative and protected monopoly with guaranteed profits. The information services restriction was first imposed in 1956,[1] and it was reaffirmed by agreement of the parties in the course of a litigated antitrust action in 1982. Since the Regional Companies have never provided information services—which will at best be a possible sideline to their principal business—a delay of a few months could not significantly harm them.[2]

Second. The Court explicitly found in its July 25, 1991 Opinion that the Regional Companies possess market power with respect to information services; that regulation is ineffective to restrain this market power; that they have the incentive and the ability to engage in anticompetitive conduct; and that once the companies are allowed to enter the information services market many of those now in that market will be driven out of business by the anticompetitive strategies which, on the basis of past experience, the Regional Companies may be expected to adopt.[3] These findings amply support the position of the intervenors that they will be irreparably harmed if the stay is lifted. Indeed, a likelihood of irreparable injury is deemed to exist where, as here, particular harm has occurred in the past and is likely to occur again.[4]

Third. The Court discussed various public interest factors in its July 25, 1991 Opinion. That discussion will not be repeated here but is incorporated herein by reference. It will be noted, however, that it is the view of this Court, informed by the evidence, that competition in the information services market, and thus the public interest, will be harmed significantly by the entry of the Regional Companies into that market. The Court also concludes that the public interest does not favor the relatively precipitous entry of the Regional Companies into a market from which they were excluded following many years of litigation, on the basis that they would constitute a danger to competition in that market. Finally, the Court is firmly of the opinion that massive confusion would be caused in the information services market—one that is central to the American economy—if the Regional Companies were permitted to enter that market upon dissolution of the stay but were required to exit

---

1. *United States v. Am. Tel. & Tel. Co.,* 552 F.Supp. 131, 138 (D.D.C.1983), *affirmed sub nom. Maryland v. United States,* 460 U.S. 1001, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983).

2. The Regional Companies have also once more advanced the theory that they are injured in their First Amendment right to enter the information services market. They make that argument even though the restriction on such entry was part of the remedy in an antitrust action and could thus be applied to anyone, including those already in a First Amendment-type enterprise. Moreover, the Companies have never been engaged in such an enterprise, either on their own or as part of the Bell System. This Court rejected the First Amendment argument

in its triennial review decision (*U.S. v. Western Electric Company, Inc.,* 673 F.Supp. 525 at 585–86 (D.D.C.1987)), and the Court of Appeals, in an otherwise comprehensive opinion, did not even bother to mention it. The argument adds nothing to the Regional Companies' claim of injury.

3. The Court has found that, if the information services restriction is lifted, the Regional Companies will probably engage in discrimination against competitors, strategic predatory pricing, and cross subsidization.

4. *Washington Gas Co. v. F.E.R.C.,* 758 F.2d 669, 674 (D.C.Cir.1985).

that market following an unfavorable Court of Appeals decision. Maintenance of the status quo would cause no such disruptions.

Fourth. Where the balance of hardships and the public interest weigh in favor of the parties arguing for the maintenance of the status quo, they need to show only that serious and difficult issues are presented.[5] A number of such issues are identified and discussed in this Court's July 25, 1991 Opinion. Further, if only in light of the difficulty this Court found in interpreting and applying the appellate mandate—a difficulty that led it to the unusual step of confessing that its interpretation of significant parts of the appellate opinion might be incorrect—it could not reasonably be contended that serious and difficult questions will not be presented by the appeal.[6]

For the reasons stated, it is this 9th day of August, 1991

ORDERED that the motion to vacate the stay be and it is hereby denied.

---

**5.** *Hilton v. Braunskill,* 481 U.S. 770, 778, 107 S.Ct. 2113, 2120, 95 L.Ed.2d 724 (1987); *McSurely v. McClellan,* 697 F.2d 309, 317 (D.C.Cir.1982).

**6.** The Memorandum in Opposition filed by MCI, the American Newspaper Publishers Associa-

tion, Consumer Federation of America, and nineteen other intervenors suggests that serious legal questions are presented also by the appellate rulings which this Court felt obliged to follow.