**Scott ARMSTRONG, et al., Plaintiffs,**

v.

**EXECUTIVE OFFICE OF
the PRESIDENT, et
al., Defendants.**

**Civ. A. No. 89–142 (CRR).**

United States District Court,
District of Columbia.

Feb. 27, 1995.

As Changed Feb. 28, 1995.

Michael E. Tankersley, for Public Citizen Litigation Group, Washington, argued the case, for plaintiffs. With him on the brief was Alan B. Morrison, for Public Citizen Litigation Group, Washington, DC.

Anthony J. Coppolino, U.S. Dept. of Justice, Civ. Div., argued the case for, defendants. With him on the brief was Jason R. Baron, U.S. Dept. of Justice, Civ. Div., Frank W. Hunger, Asst. U.S. Atty. Gen., U.S. Dept. of Justice, Eric H. Holder, U.S. Atty. for, District of Columbia, David J. Anderson and Elizabeth A. Pugh, U.S. Dept. of Justice, Civ. Div., Washington, DC.

## MEMORANDUM OPINION OF CHARLES R. RICHEY UNITED STATES DISTRICT JUDGE

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court is the Defendants' Motion and Memorandum seeking a Stay Pending Appeal of this Court's Memorandum Opinion and Order issued on February 14, 1995, —— F.Supp. ——, which held, *inter alia*, that the National Security Council is an "agency" subject to the Freedom of Information Act. Upon careful consideration of the pleadings the applicable law, and the Plaintiffs' Opposition thereto, the Court finds that the Defendants do not meet the requirements for the issuance of a Stay pending appeal. Accordingly, their Motion shall be denied.

### DISCUSSION

**I. The Defendants' Motion For A Stay Pending Appeal Shall Not Be Granted Because The Defendants Do Not Satisfy the Requirements For The Issuance Of A Stay.**

To obtain a Stay pending appeal, a party must satisfy the three pronged test as set forth by this Circuit in *Washington Metropolitan Area Transit Commission v. Holi-*

*day Tours, Inc.*, 559 F.2d 841 (D.C.Cir.1977). Accordingly, a party must show: (1) a likelihood of success on the merits of an appeal; (2) irreparable harm should the Stay not be granted; and (3) no harm will befall the adverse party or the public if the Stay is granted. *Id.* at 842–43. As set forth below, the Defendants are not entitled to a Stay because they do not meet any of the aforementioned requirements.

■ First, the Defendants' likelihood of success on the merits of the appeal is *de minimis.* As more thoroughly explained in the Court's February 14, 1995 Opinion, the Defendants' position that the NSC functions solely to advise and assist the President is meritless. By virtue of its exercise of rule-making and adjudicatory functions and its role in no less than seven areas, to wit Intelligence, protection of National Security Information, Telecommunications, Emergency Preparedness policy, Arms Control Verification, Nonproliferation, and Public Diplomacy, the NSC exercises authority independent of the President. Under the law of this Circuit, the exercise of independent authority in only one area is enough to conclude that an entity is an agency. *E.g., Soucie v. David,* 448 F.2d 1067 (D.C.Cir.1970). In this very litigation itself and up until the March 25, 1994 Memorandum by William H. Itoh, Executive Secretary of the National Security Council, declaring that the NSC is not an agency, the NSC has acknowledged that it is an agency and that it performs agency functions. (*See also* Dep. of David Van Tassel, National Security Council Director of Access Management at 23–24 ¶¶ 19–18). Moreover, the Defendants have admitted that they are an agency in a formal pleading filed with this Court. (*E.g.,* Joint Statement of Facts ¶¶ 171–72). Therefore, the NSC's functions and past practice clearly demonstrate and support the correctness of this Court's Opinion and Order of February 14, 1995. Thus, no Stay should be granted.

■ Second, the Defendants are not entitled to a Stay because they cannot show that the Court's February 14, 1995 Order causes them irreparable harm. The Court observes initially that prior to Mr. Itoh's Memorandum, the NSC operated under the Freedom of Information Act for nineteen years without any demonstrable harm. Nevertheless, in their request for a Stay, the Defendants principally object to two aspects of the Court's Order: the declaration that they are an agency, and the mandate that they promulgate new guidelines. (*See* Defs.' Mot. and Mem. in Support of a Stay Pending Appeal at 4–5). However, neither of these cause them irreparable harm. The declaration that they are an agency does not cause irreparable harm because, as previously noted, the NSC itself has previously stated that it is an agency. Moreover, the mandate that the NSC issue new guidelines likewise does not cause irreparable harm.

Prior to the March 25, 1994 Declaration, the Defendants previously maintained both Presidential and Federal Records in accordance with their own internal guidelines. In addition, the Court observes that major components of the Executive Office of the President, to wit the Office of Administration, the Office of the United States Trade Representative, the Office of Science and Technology Policy, the Office of Management and Budget, the Office of National Drug Control Policy, and the Council on Environmental Quality, have already issued new recordkeeping guidelines in response to this litigation. *Armstrong v. Executive Office of the President,* 877 F.Supp. 690, 695 n. 3 (D.D.C. February 14, 1995). Moreover, the National Archives and Records Administration has, in response to this litigation, proposed new regulations for the management and preservation of electronic records for all Federal government agencies. *Id.* Because the NSC has previously issued recordkeeping guidelines in accordance with the Presidential Records Act and the Federal Records Act, and because other components of the Executive Office of the President have had no noticeable difficulty in issuing new guidelines in response to this litigation, the Defendants' claim of irreparable harm is unfounded.

■ Third, the Defendants' request for a Stay must be denied because the Plaintiffs' rights and the public interest would be harmed if a Stay were granted. The Defendants incorrectly claim that issuing a Stay

would not cause any harm because an NSC March 21, 1994 Declaration ensures the preservation of the records. (Defs.' Mot. for Stay at 5). The Defendants' assertion is incorrect because, as demonstrated by past experience, the Defendants' assurances that the records will be preserved are unreliable.

On November 20, 1992 the Court in *Armstrong v. Bush*, 807 F.Supp. 816, 823 (D.D.C. 1992) entered a Temporary Restraining Order ("TRO") which required that backup tapes containing NSC records be preserved. The TRO expired shortly before the Court decided the merits in which the Court entered a permanent injunction requiring preservation of the materials. During the interval in which no Court Order was in effect, three backup tapes were overwritten. (Mem. of Roy King, Deputy Commander of Data Systems Unit on "Summary—Overwritten CPU A Backup Tapes" dated January 8, 1993). In response to the Court's show cause Order requiring an accountability for the destruction of the tapes, the Defendants argued that they should not be held responsible for the erasure because no Court Order was in effect at the time. (*See* Defs.' Oppos. to Pls.' Combined Mots. to Show Cause and Enforce This Court's Orders at 23 n. 20, 25 n. 23).

Furthermore, at the beginning of this litigation the Defendants ignored a TRO and an agreement they had with the Plaintiffs. In 1989 Judge Parker of this Court entered a TRO requiring the Defendants to preserve the electronic records of the Reagan Administration. Plaintiffs initially filed a Motion for a preliminary injunction but later withdrew the Motion after the Defendants' agreed to preserve the materials pending the Court's decision on the merits. *See Armstrong v. Bush*, 721 F.Supp. 343, 348, 348 n. 9 (D.D.C.1989). Despite the agreement, the Defendants destroyed several of the backup tapes in violation of the TRO and the agreement. (*See* Order of January 14, 1993 in *Armstrong v. Executive Office of the President*, Civil Action 89–142 at 6 n. 6, —— F.Supp. at —— n. 6). As this past experience indicates, there is a strong possibility that should the Court grant the Stay, the Defendants will begin disposing of the records at issue. Therefore, the Court finds that the Plaintiffs' rights and the public interest would be harmed if a Stay were granted in this case.

Finally, as this Court's Order and Opinion of February 14, 1995 made clear, the Plaintiffs' argument made in its papers and at oral argument about the distinction between declaratory and injunctive relief under the terms of this Court's Order, is persuasive as well as dispositive of the issue as to whether the Defendants are entitled to a Stay, herein. (Pls.' Oppos. to Defs.' Mot. for Stay Pending Appeal at 6–8). Therefore, the Defendants should immediately adopt guidelines consistent with the Court's February 14, 1995 Opinion and Order. The Court observes that this does not place any undue burden on the Defendants because up until the March 25, 1994 Declaration, the Defendants had in place guidelines with respect to the Presidential Records Act and the Federal Records Act.

II. *The Portion Of The Court's February 14, 1995 Order Requiring New Guidelines To Be Adopted By February 27, 1995 Shall Be Extended To Allow The Defendants Until March 2, 1995 Within Which To Comply.*

Notwithstanding the foregoing, the Court shall enlarge the time within which Defendants must issue new guidelines. At a status call held on February 24, 1995, the parties entered into an oral stipulation that allows the Defendants until March 2, 1995 to comply with the Court's February 14, 1995 Order. The parties indicated that the grant of such an extension will allow the Defendants a full opportunity to present their case to the Court of Appeals should they so choose. Accordingly, this Court shall grant the enlargement of time to allow the Defendants until March 2, 1995 to adopt new guidelines for the National Security Council.

*CONCLUSION*

For the reasons set forth herein, the Court shall deny the Defendants' Motion for a Stay pending Appeal as the same is wholly without merit in this instance. Accordingly, the Court shall issue an Order of even date

herewith in accordance with this Memorandum Opinion.

### ORDER

Upon careful consideration of the parties' papers, the arguments of Counsel, the record in the case and the underlying law, and for the reasons articulated in the Opinion of the Court of even date herewith, it is, by the Court, this 25 day of February, 1995,

ORDERED that the Defendants' Motion for a Stay shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Court's February 14, 1995 shall remain in full force and effect except as herein modified in accordance with the following Ordered paragraph; and it is

FURTHER ORDERED that the Defendants shall have until March 2, 1995 within which to comply with that portion of the Court's February 14, 1995 Order requiring the Executive Office of the President and the Archivist to adopt new guidelines for the National Security Council, in place of those vacated and nullified on March 25, 1994.