**Daniel M. WEMHOFF,**
**et al., Plaintiffs,**

v.

**George W. BUSH, et al., Defendants.**

**No. CIV. A. 01–1776(JR).**

United States District Court,
District of Columbia.

Sept. 14, 2001.

## MEMORANDUM

ROBERTSON, District Judge.

This Memorandum sets forth the reasons for this Court's Order issued in open court on September 5, 2001, denying plaintiffs' motion for preliminary injunction. Daniel Wemhoff sues on his own behalf and on behalf of others similarly situated to block construction of the proposed World War II Memorial on the National Mall. He claims that the legislation directing construction of the memorial was enacted unlawfully and that the memorial would impair the First Amendment rights of protestors and demonstrators who have historically used the area around the proposed site for assembly and speech.

■ The factors to be considered in determining whether a preliminary injunction is warranted are: (1) whether the movant has a substantial likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether an injunction would substantially injure other interested parties; and (4) whether an injunction would further the public interest. *Al–Fayed v. CIA*, 254 F.3d 300, 303 (D.C.Cir. 2001). Only the first element need be considered in this case. A preliminary injunction will not be granted unless a claimant can demonstrate " 'a fair ground for litigation.' " *Katz v. Georgetown Univ.*, 246 F.3d 685, 688 (D.C.Cir.2001) (quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C.Cir.1977)). Plaintiff in this case has not made such a showing and has, in my view, no chance of success on the merits of his complaint.

■ Plaintiff first asserts the invalidity of Public Law 107–11, which directs the expeditious construction of the World War II memorial around the Rainbow Pool. Pub.L. 107–11, § 1. Because both Houses enacted this law without debate, he alleges that legislators acted under "supreme pressure" from private fundraisers and other outside groups. Complaint at 10. He cites no authority for the proposition that an absence of debate invalidates statutory enactments, and, of course, there is none. Indeed, the Speech and Debate Clause precludes judicial inquiry into " 'the deliberative and communicative processes . . . with respect to consideration and passage or rejection of proposed legislation,' " *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 504, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975) (quoting *Gravel v. United States*, 408 U.S. 606, 625, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972)). I am unable to find even a scant likelihood of success on the merits of this argument.

■ Plaintiff's second and central point is that the monument will occupy a large space on the National Mall that until now has been available for, and often used as, a venue for the exercise of First Amendment rights by protestors and demonstrators. Assuming without deciding that I have

jurisdiction to consider a constitutional challenge to the construction of the memorial,[1] plaintiff has failed to demonstrate any likelihood on the merits of that challenge. The cases that involve restrictions on the time, place, and manner of expressive activity in public forums, *see ISKCON of Potomac, Inc. v. Kennedy,* 61 F.3d 949, 954–55 (D.C.Cir.1995), are not implicated by the impending construction of the memorial because nobody, not even this plaintiff, has shown or even suggested that the decision to build the memorial or to site it on the National Mall was motivated by a desire to suppress expressive activities. In the absence of such a showing, Congress's broad power to dispose of federal property may not be disturbed. *See* U.S. Const. Art. IV, § 3, cl. 2; *Kleppe v. New Mexico,* 426 U.S. 529, 539, 96 S.Ct. 2285, 49 L.Ed.2d 34 (1976) (noting that "the power over the public land thus entrusted to Congress is without limitation").

Plaintiffs have no authority at all for their theory that the First Amendment is violated when a place often used as a forum for public protest is rendered unavailable or, as in this case, less accessible than before. It is true that the National Mall has long been recognized as a unique public forum in which "the constitutional rights of speech and peaceful assembly find their fullest expression," *Friends of the Vietnam Veterans Memorial v. Kennedy,* 116 F.3d 495, 496 (D.C.Cir.1997), but that recognition of the Mall's history does not mean that it must be held physically inviolate in perpetuity.

---

**1.** I agree with Judge Kennedy that district courts have no jurisdiction to review *administrative process* used to make decisions as to the design and location of the monument. *National Coalition to Save Our Mall v. Norton,* 161 F.Supp.2d 14, 22–23 (D.D.C.2001).