Senator Mitch McCONNELL,
et al., Plaintiffs,

v.

**FEDERAL ELECTION COMMISSION,**
et al., Defendants.

National Rifle Association of America,
et al., Plaintiffs,

v.

Federal Election Commission,
et al., Defendants.

Emily Echols, a minor child, by and through her next friends, Tim and Windy Echols, et al., Plaintiffs,

v.

Federal Election Commission,
et al., Defendants.

Chamber of Commerce of the United States, et al., Plaintiffs,

v.

Federal Election Commission,
et al., Defendants.

National Association of Broadcasters,
Plaintiff,

v.

Federal Election Commission,
et al., Defendants.

American Federation of Labor and Congress of Industrial Organizations, et al., Plaintiffs,

v.

Federal Election Commission,
et al., Defendants.

Congressman Ron Paul,
et al., Plaintiffs,

v.

Federal Election Commission,
et al., Defendants.

Republican National Committee,
et al., Plaintiffs,

v.

**Federal Election Commission,
et al. Defendants.**

**California Democratic Party,
et al., Plaintiffs,**

v.

**Federal Election Commission,
et al., Defendants.**

**Victoria Jackson Gray Adams,
et al., Plaintiffs,**

v.

**Federal Election Commission,
et al., Defendants.**

**Representative Bennie G. Thompson,
et al., Plaintiffs,**

v.

**Federal Election Commission,
et al., Defendants.**

No. CIV. 02–582(CKK, KL, RJL), CIV. 02–581(CKK, KL, RJL), CIV. 02–633(CKK, KL, RJL), CIV. 02–751 (CKK, KL, RJL), CIV. 02–753 (CKK, KL, RJL), CIV. 02–754 (CKK, KL, RJL), CIV. 02–781 (CKK, KL, RJL), CIV. 02–874 (CKK, KL, RJL), CIV. 02–875 (CKK, KL, RJL), CIV. 02–877 (CKK, KL, RJL), CIV. 02–881 (CKK, KL, RJL).

United States District Court,
District of Columbia.

May 19, 2003.

Before KAREN LECRAFT HENDERSON, Circuit Judge, and KOLLAR–KOTELLY, District Judge, and LEON, District Judge, dissenting in part and concurring in part.

**MEMORANDUM OPINION**

PER CURIAM.

Presently before the Court are a number of motions to stay all or part of this Court's May 1, 2003, Final Judgment. On May 7, 2003, the NRA Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 62(c), to stay this Court's decision with respect to Title II pending review by the Supreme Court. NRA Mem. at 1. On May 8, 2003, this Court issued an Order requiring that any other motions requesting to stay all or part of this Court's May 1, 2003, Final Judgment Order be filed by noon on Friday, May 9, 2003. *McConnell v. FEC,* No. 02cv582 (D.D.C. May 8, 2003) (briefing order). The Court also required that any and all oppositions to the motions for stay be filed by noon on Monday, May 12, 2003, and that any and all replies to the motions for stay be filed by noon on Wednesday, May 14, 2003. *Id.*

In accordance with that schedule, on May 9, 2003, Plaintiff ACLU filed a stay motion joining Plaintiff NRA's request to stay this Court's decision with respect to Title II. ACLU Mot. at 3. The NRA and ACLU stay motions have been opposed by the Madison Center Plaintiffs,[1] who along with the AFL–CIO Plaintiffs have each moved for injunctive relief requesting that the Court not restore any definition of "electioneering communication." Madison Center Mem. at 1; AFL–CIO Mem at 2. The Madison Center Plaintiffs and the AFL–CIO Plaintiffs' motions have been opposed by the Government Defendants[2] and Intervenor Defendants.[3]

The Government Defendants and Intervenor–Defendants also move pursuant to Rule 62(c) to stay the Court's entire Final Judgment pending disposition of the parties' appeals to the Supreme Court of the United States. Gov't Mem. at 4; Intervenor Defs.' Mem. at 1. These motions are opposed by certain of the McConnell Plaintiffs,[4] who argue that the Court's Final Judgment with respect to Sections 201(5), 213, 318, and 504 of the Bipartisan Campaign Reform Act ("BCRA"), the positions unanimously struck down by the three judge court, should not be stayed. McConnell Opp'n at 3. These McConnell Plaintiffs also contend that the Court's ruling with regard to Title I should not be stayed. Id. at 3–4. These McConnell Plaintiffs join the NRA and ACLU in requesting, however, that the Court's Title II ruling be stayed. Id. at 4–6. Defendants' motions are also opposed by Plaintiff National Association of Broadcasters which requests that the Court not stay its ruling with regard to Section 504 of BCRA. NAB Mem. at 5. Plaintiff National Association of Broadcasters takes no position with respect to any of the other stay requests. Id. at 1. Similarly, Plaintiffs in Civil Action Number 02–633, the Echols Plaintiffs, oppose Defendants' motions, particularly with respect to staying the Court's ruling on Section 318 of BCRA. Echols' Opp'n at 2. Additional oppositions to the Government Defendants and Intervenor Defendants' motions have been filed by Republican National Committee Plaintiffs[5] and Plaintiffs California Democratic Party and California Republican Party,[6] opposing the stay motions only with re-

---

1. Madison Center Plaintiffs include the National Right to Life Committee, Inc., National Right to Life Educational Trust Fund, National Right to Life PAC, Libertarian National Committee, Inc., Club for Growth, Inc., Indiana Family Institute, Inc., U.S. Representative Mike Pence, Alabama Attorney General William H. Pryor, Barret Austin O'Brock, and Trevor M. Southerland.

2. The Government Defendants include the Federal Election Commission, the United States of America, the United States Department of Justice, John Ashcroft, Attorney General of the United States, and the Federal Communications Commission.

3. The Intervenor Defendants include Senator John McCain, Senator Russell Feingold, Representative Christopher Shays, Representative Martin Meehan, Senator Olympia Snowe, and Senator James Jeffords.

4. These McConnell Plaintiffs include Senator Mitch McConnell, Southeastern Legal Foundation, Inc., Representative Bob Barr, Center for Individual Freedom, National Right to Work Committee, 60 Plus Association, Inc., U.S. d/b/a Pro English, and Thomas McInerney.

5. The Republican National Committee Plaintiffs include the Republican National Committee, the Republican Parties of Colorado, New Mexico, and Ohio, Dallas County (Iowa) Republican County Central Committee, and Michael Duncan.

6. Joining the CDP and CRP in opposing these motions are Yolo County Democratic Central Committee, Art Torres, Santa Cruz Republican Central Committee, Shawn Steel, Timothy Morgan, Barbara Alby, and Douglas R. Boyd, Sr.

spect to staying this Court's ruling on Title I of BCRA. CDP/CRP Opp'n at 2; RNC Opp'n at 1. The Madison Center Plaintiffs and the AFL–CIO also each oppose these motions and argue, as discussed *supra*, that the Court should not reinstate either definition of electioneering communication.

Two motions for "administrative" stays filed by the NRA Plaintiffs and the Government Defendants (joined by the Intervenor Defendants) are also pending before this Court. These requests are to stay all (Defendants' position) or part (NRA's position) of the Court's ruling until the Court can make a ruling on the present Rule 62(c) motions. Given that the Court is ruling on the Rule 62(c) motions in the attached order, the administrative stay requests are denied as moot.

After due consideration of the motions, the oppositions, and replies, the relevant case law, and the pertinent Federal Rules of Civil Procedure, the Court is satisfied that a stay should be granted pending final disposition of these eleven actions in the Supreme Court of the United States. This Court's desire to prevent the litigants from facing potentially three different regulatory regimes in a very short time span, and the Court's recognition of the divisions among the panel about the constitutionality of the challenged provisions of BCRA, counsel in favor of granting a stay of this case. Pursuant to Federal Rule of Civil Procedure 52(a) ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion...."), the Court deems no further discussion necessary to resolve these motions.

LEON, District Judge, dissenting in part and concurring in part.

Because the moving parties have failed to demonstrate irreparable injury and because granting a stay to this Court's judgment in its entirety will violate the First Amendment rights of various political parties, donors, broadcasters, interest groups, and minors, I respectfully dissent in part from, and concur in part in, my colleagues' decision.

After months of painstaking analysis, this Court found unconstitutional, in whole or in part, nine of the twenty provisions of BCRA challenged by the plaintiffs. Four of those provisions were struck down unanimously (i.e., 201(5), 213, 318, and 504), and four were struck down in their entirety (i.e., 213, 318, 504, and new FECA Section 323(d)). While our reasoning may have differed in some instances, at least two members of this Court *in each instance* found that the unconstitutional section of the statute (or its subpart) unjustifiably infringed upon the constitutional rights of one or more of the various parties' impacted by the BCRA campaign finance regime. Indeed, because "the loss of First Amendment freedom for even minimal periods of time unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 374, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), the moving parties' arguments must be scrutinized by this Court with extreme care to ensure that they meet the high standards for this "extraordinary remedy." *Cuomo v. U.S. Nuclear Reg. Comm'n*, 772 F.2d 972, 978 (D.C.Cir.1985).[7] In my judgment, their arguments, for the most part, cannot withstand such scrutiny.

---

**7.** The Court will only grant a stay pending appeal if the moving parties can "show (1) that [they] have a substantial likelihood of success on the merits; (2) that [they] will suffer irreparable injury if the stay is denied; (3) that issuance of the stay will not cause substantial harm to other parties; and (4) that the public interest will be served by issuance of the stay." *United States v. Philip Morris, Inc.*, 314 F.3d 612, 617 (D.C.Cir.2003) (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843

With regard to Title I, two members of this Court found that the defendants could not justify Congress's sweeping soft money restrictions in new FECA Sections 323(a) and 323(b) that require political parties to fund nonfederal and mixed-purposed activities with only federal money. Such restrictions, in our judgment, placed an impermissible burden on the associational rights of parties and their donors. Thus, every day these BCRA provisions remain in effect donors are restricted from using donations to amplify their voices through their political parties, thereby suffering irreparable injury. It is difficult to fathom how granting a stay on these Title I provisions could possibly be in the public interest, or be justified by the relatively minor inconvenience to the FEC of having to reinstate, for the most part, its all-too-familiar pre-BCRA rules. Moreover, the defendants' argument that this Court's judgment is "likely to create the appearance or fact of corruption" by allowing political parties and others to raise and use nonfederal funds (i.e., soft money) is similarly unavailing. Gov't Mot. for Stay at 9, 13–14. As long as soft money cannot be used for federal purposes, which is after all the majority holding of this Court, the risk of actual or apparent corruption is nonexistent. Simply stated, the public interest is much better served by protecting the public's First Amendment freedoms and by ensuring that the political parties and other participants in the public arena are free to play their traditional roles in the electoral process unimpeded by unconstitutional restraints.

With regard to Title II, I similarly do not believe the moving parties have demonstrated sufficient irreparable harm, alone, to warrant a stay—particularly as to Sections 201(5) and 213 which were unanimously struck down by this Court. However, I do believe that the FEC's unfortunate failure to promulgate regulations for the backup definition, as it did for the primary definition,[8] has sufficiently deprived the parties of guidance regarding the contours of the backup definition to warrant a stay of the primary definition portion of our judgment on Section 201. Doing so, at this time, is palatable since the primary definition does not take effect as a practical matter until thirty days before the first primary election and will therefore not immediately injure the plaintiffs. Unlike my colleagues, however, I would limit that stay to the period of time necessary for the FEC to issue regulatory guidance on the backup definition, and thereby minimize the negative consequences of reinstating the primary definition.

Finally, with respect to Sections 318 and 504, which are conceptually distinct from Titles I and II and were also struck down unanimously by this Court, the moving parties have not even attempted to demonstrate that irreparable harm will occur if

(D.C.Cir.1977)). These factors must be weighed against one another, and the mere presence of one factor does not dictate an outcome for or against the stay. *See Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C.Cir.1998); *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C.Cir. 1995).

8. Some commenters on the proposed FEC regulations argued that "the period between a final decision in [this] litigation and the 2004 elections is likely to be too short to permit the commission to complete a rulemaking [on the backup definition] in time to provide guidance, if the operative definition is invalidated. They further argued that the [backup] definition's application to the entire election cycle, and not just the 30- or 60-day periods to which the current definition is limited, exacerbates the timing issue." Electioneering Communications, 67 Fed.Reg. 65190, 65191 (Oct. 23, 2002). Without regard to these concerns, the FEC decided that promulgating regulations for the backup definition was "premature." *Id.*

the judgments as to these sections are not stayed; nor could they have done so, credibly. To me, including these flawed sections in a statute-wide stay would be like a fisherman retaining whatever the ocean yields to a net with undersized mesh. It increases his "catch," but the public interest dictates against it. Suffice it to say, continuing such unconstitutional restrictions on minors and demanding such unconstitutional record production from broadcasters is, in my judgment, inconsistent with both the public interest and the spirit of the First Amendment.

## ORDER

For the reasons set forth in the Memorandum Opinion of Circuit Judge Henderson and District Judge Kollar-Kotelly, from which District Judge Leon concurs in part and dissents in part, it is this 19th day of May, 2003, hereby

**ORDERED** that the Government Defendants' Motion for Stay of Final Judgment Pending Appeal to the Supreme Court of the United States [# 327] is GRANTED; it is further

**ORDERED** that the Intervening Defendants' Motion to Stay Injunction Pending Appeal [# 322] is GRANTED; it is further

**ORDERED** that the NRA Plaintiffs' Motion to Stay Pursuant to Rule 62(c) [# 317] is DENIED AS MOOT; it is further

**ORDERED** that Plaintiff ACLU's Motion for Stay Pursuant to Rule 62(c) [# 325] is DENIED AS MOOT; and it is further

**ORDERED** that this Court's May 1, 2003, Final Judgment is STAYED pending final disposition of these actions in the Supreme Court of the United States.

All three judges concur that it is hereby

**ORDERED** that Certain of the Madison Center Plaintiffs'[1] Motion for Injunction Pending Appeal [# 321] is DENIED; it is further

**ORDERED** that Plaintiff AFL–CIO's Motion for an Injunction Pending Appeal [# 319] is DENIED; it is further

**ORDERED** that the NRA Plaintiffs' Motion for an Administrative Stay, Pending Adjudication of Their Motion to Stay Pursuant to Rule 62(c) [# 318] is DENIED AS MOOT; it is further

**ORDERED** that the Government Defendants' Emergency Motion for Temporary Stay of Final Judgment Pending Consideration of Motion for Stay of Final Judgment Pending Appeal to the Supreme Court of the United States [# 326] is DENIED AS MOOT; it is further

**ORDERED** that Certain of the Madison Center Plaintiffs'[2] Motion to Convene an Open Hearing on their Motion for an Injunction Pending Appeal [# 328] is DENIED[3]; and it is further

**ORDERED** that the Madison Center Plaintiffs' Motion to Alter or Amend the Judgment [# 316] is DENIED AS MOOT.

**SO ORDERED.**

1. For purposes of this motion, the Madison Center Plaintiffs include the National Right to Life Committee, Inc., National Right to Life Educational Trust Fund, Club for Growth, Inc., and Indiana Family Institute, Inc.

2. For purposes of this motion, the Madison Center Plaintiffs include the National Right to Life Committee, Inc., National Right to Life Educational Trust Fund, Club for Growth, Inc., and Indiana Family Institute, Inc.

3. As all three judges have signed this Order, the Court has complied with Federal Rule of Civil Procedure 62(c) and does not need to issue this order by sitting in open court. Fed. R.Civ.P. 62(c).