ROGERS, Circuit Judge,
concurring:
While I agree that the petition for review of the Commission’s emergency/backup power rule is unripe, I write to emphasize that neither this court’s interim stay of the rule nor the Paperwork Reduction Act (“PRA”), 44 U.S.C. § 3501 et seq., justified the postponement of PRA review of the rule’s information collection provisions by the Office of Management and Budget (“OMB”). This misguided agency decision necessitates a holding that potentially complicates and delays review under the Hobbs Act, 28 U.S.C. § 2344.
A brief history of the rule illustrates the odd posture of this case, an approach whose eventual results include delay of potentially life-saving regulations and, ironically, significant additional paperwork all around. On May 31, 2007, the Federal Communications Commission adopted the emergency/backup power rule, 47 C.F.R. §§ 12.1 & 12.2. In the Matter of Recommendations of the Independent Panel Reviewing Impact of Hurricane Katrina on Communications Networks, 22 F.C.C. Rcd. 10,541, 10,587-88 (June 8, 2007). In adopting the rule the Commission explained that it was implementing recommendations in a study of communications problems that endangered public safety and health during Hurricane Katrina. See id. at 10,541. The rule set “requirements that will help ensure the resiliency, redundancy and reliability of communications systems, particularly 911 and E911 networks and/or systems,” id. at 10,587 and these sections were to take effect August 10, 2007, see Recommendations of the Independent Panel, Final Rule, 72 Fed.Reg. 37,655 (2007).
Upon reconsideration, the Commission modified section 12.2 to include, among other things, the filing of inventory reports and any claims of preclusion from compliance within six months of the date of this *990 requirement. In the Matter of Recommendations of the Independent Panel Reviewing Impact of Hurricane Katrina on Communications Networks, 22 F.C.C. Red. 18,013, 18,035-38 (Oct. 2, 2007) (“Order on Reconsideration”). Notwithstanding the emergency/backup power rule’s public safety and health rationale, and the Commission’s acknowledgment that in emergencies “the cost of failing to have [backup] power may be measured in lives lost,” id. at 18,027, the Commission also ordered that all provisions of the rule, including section 12.2 “shall be effective on the date of the Federal Register notice announcing OMB approval of the information collection now contained in that rule,” id. at 18,032.
The OMB has yet to begin review of the emergency/backup power rule. This is because the Commission deferred to OMB’s request not to submit the rule for review. In its supplemental brief of May 19, 2008 the Commission states that “after this Court issued its February 28, 2008 order in this case staying the effective date of the rule pending judicial review, OMB informally informed FCC staff that it would prefer that the Commission not initiate the PRA process while the stay remained in effect.” FCC Supplemental Br. at 5 (May 19, 2008).[1] No further explanation is offered. In the period between filing its responsive and supplemental briefs, however, the Commission appears to have altered its view concerning the significance of the information gathering provisions. Although the petitioners do not challenge the information and record-keeping provisions of the rule, and the Commission never suggested in its responsive brief that these provisions were inseparable from the backup requirement itself,[2] the Commission, in responding to the court’s sua sponte concern about justiciability, see Order of May 9, 2008, has adopted the view that the reporting requirements are so integral a part of the rule that judicial consideration of the petition for review is premature. FCC Supplemental Br. at 8. See Order on Reconsideration, 22 F.C.C. Red. at 18,024-27; cf. Op. at 3-4.
Given the importance of the emergency/backup power rule to human life, public safety and health, the initial postponement of OMB review can only be explained by assuming that the court’s interim stay of the rule or the PRA were incorrectly viewed as providing a basis for delaying mandated agency review of regulations. In issuing a stay, the court is required to determine whether there is a substantial likelihood that the petitioner would succeed in its challenges to the rule, and whether a stay would be in the public interest and not cause undue prejudice to any party. See Wash. Metro. Area Transit Comm. v. Holiday Tours Inc., 559 F.2d 841, 843 (D.C.Cir.1977). However, this analysis does not consider, and should not be used as a proxy for, the question of whether an agency rule is so obviously unlawful that it is not worthwhile to carry out statutory procedures prescribed by the *991 PRA. Regardless of which party might prevail upon appeal, the Commission determined that the emergency/backup power rule was necessary to protect public safety and health and the petitioners have a right to judicial review pursuant to the Hobbs Act. Similarly, nothing in the PRA suggests that it was intended to interfere with the Commission’s rulemaking determinations, see 44 U.S.C. § 3507(f)(1), or the Hobbs Act.[3] See generally S. Comm. On Governmental Affairs, Paperwork Reduction Act of 1980, S.Rep. No. 96-930 (1980), reprinted in 1980 U.S.C.C.A.N. 6241.
Notwithstanding the inappropriate postponement of OMB review, the court correctly accepts that the petition for review is not prudentially ripe because OMB has not reached any decision regarding the rule’s information gathering requirements, Op. at 4-5; see Nat'l Park Hospitality Ass’n v. Dep’t of Interior, 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003); Town of Stratford v. FAA, 285 F.3d 84, 88 (D.C.Cir.2002), and the Commission has not advised that it would overrule any disapproval by OMB. The court relies on Devia v. NRC, 492 F.3d 421 (D.C.Cir.2007), in concluding that the rule should be held in abeyance pending OMB review. Op. at 5-6. But the court’s necessary response to the delay in submission of the rule to OMB is not costless: In relying on the dictum in Devia, 492 F.3d at 424; Op. at 6, the court acknowledges the potential of a conundrum under the Hobbs Act, 28 U.S.C. § 2344, Op. at 8, for this court has held that the finality of a rule published in the federal register is not affected by the fact that the agency has not received OMB approval at time of promulgation, Career Coll. Ass’n v. Riley, 74 F.3d 1265, 1269 (D.C.Cir.1996).[4] It also leaves uncertain the propriety of the interim stay itself.
As a result of today’s holding that the petition for review is prudentially unripe, the Commission should promptly submit the final rule for OMB review, see Op. at 8, as its apparent justifications for not doing so are not persuasive. More broadly, the court’s holding should serve as a warning against using unrelated interim stays to justify delay in mandated interagency reviews.

. By contrast, the Commission's responsive brief of Mar. 24, 2008 stated that submission of the rule to OMB was "expected ... shortly.” Resp. Br. at 18. Since the Commission’s supplemental brief was filed, the court has not been notified of any change in the status of the rule.

. Even in its supplemental brief the Commission does no more than repeat the provisions of the rule to the effect that it will not become effective until approved by OMB or reaffirmed by the Commission over an OMB disapproval pursuant to the PRA, 44 U.S.C. § 3507(f)(1). FCC Supp. Br. at 9. During oral argument on May 8, 2008, Commission counsel stated in response to the court’s sua sponte concern about ripeness only that "the FCC seemed to indicate in its reconsideration order that ... th[e] [information gathering provision] is not severable.” Oral Arg. Tr. at 21 (emphasis added).

. To avoid 'uncertainty and gamesmanship in the process by which FCC orders are appealed,” Petrs' Supp. Br. of May 19, 2008 at 4, it may be the better part of discretion for the court, sua sponte, to state in its stay orders that the stay of a rule shall not affect prompt submission to OMB for PRA review. Otherwise delayed submissions would produce “anomalous results ... contrary to the court’s settled construction of the Hobbs Act,” Petrs’ Supp. Br. at 4.

. Unlike the emergency/back-up power rule, which as a whole does not become effective until after OMB review, only the information collection provisions of the rule in Career College were subject to OMB approval under the PRA. 74 F.3d at 1267-68.